O'BRIEN v. STATE ex rel. BIBB, Attorney General,
No. 4.—170 S. W. (2d) 931.

Eastern Section.   December 28, 1942.

Petition for Certiorari denied by Supreme Court, April 3, 1943.

Ray H. Jenkins, of Knoxville, for plaintiff in error.

Hal H. Clements, Jr., Dist. Atty., of Knoxville, for defendant in error.

HALE, J. The plaintiff in error was convicted on a charge of having violated an injunction enjoining him from engaging in the sale of intoxicating liquors at the place described in the petition. The case was tried by a jury on a charge to which there were no exceptions and on evidence to which there were no objections. The only question before this court is one of fact.

There is some discussion in the briefs as to whether this shall be classed as a civil or criminal contempt as determining whether or not this court should view the case on the preponderance of the testimony, or simply determine if there was any evidence to support the verdict.

■ This action is based upon Sections 9324-9335, both inclusive, of the Code. These sections originated in the Act of 1913, Second Extra Section, Chap. 2, as modified upon the adoption of the Code. Our Supreme Court, speaking through Judge Sam C. Williams, held this class of offenses to be criminal contempts, saying:

" 'Criminal contempts,' on the other hand, are punitive in character, and the proceeding is to vindicate the authority of the law, and the court as an organ of society. Such contempts, while they may arise in private litigation, in a very true sense 'raise an issue between the public and the accused.' Gompers v. Buck's Stove, etc., Co., 221 U. S. 418, 31 S. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.), 874; Clay v. Waters [8 Cir.], 178 F. 385, 101 C. C. A. 645, 21 Ann. Cas. 897, and note; 1 Words and Phrases, Second Series, 715.

"The contempt under review was peculiarly of the latter kind; and the proceeding is one quasi criminal in character. State ex rel. v. Persica, 130 Tenn. 48, 168 S. W. 1056.

"In cases involving criminal contempts the rule is that the defendant is presumed to be innocent and must be proved to be guilty beyond a reasonable doubt. Gompers v. Buck's Stove, etc., Co., supra, and cases cited." State ex rel. Anderson v. Daugherty, 137 Tenn. (10 Thomp.), 125, at pages 127, 128, 191 S. W. 974.

■ ■ In Corpus Juris Secundum, it is said:

"A criminal contempt is conduct that is directed against the dignity and authority of the court, or a judge acting judicially; it is an act obstructing the administration of justice which tends to bring the court into disrepute or disrespect.

"Criminal contempt may arise in the course of a crim-

inal action, in special proceedings, or in civil or private litigation. . . .

"The line of demarkation between acts constituting criminal and those constituting civil contempts is very indistinct. The confusion in attempts to classify civil and criminal contempts is due to the fact that there are contempts in which both elements appear. In general, contempts of court for which punishment is inflicted for the primary purpose of vindicating public authority are denominated criminal, while those in which the enforcement of civil rights and remedies is the ultimate object of the punishment are denominated civil contempts; whether or not a fine or imprisonment is imposed is not a distinguishing test." 17 C. J. S., Contempt, Sec. 5, page 7 et seq.

"In proceedings for criminal contempt or proceedings which are regarded as criminal in their nature, it is, as a rule, required that defendant's guilt be established beyond a reasonable doubt, and a mere preponderance of the evidence is insufficient." Id., Sec. 84, subsec. d, page 113.

In another standard work it is said:

"Proceedings for contempt are of two classes—namely, criminal and civil. Criminal contempt proceedings are those brought to preserve the power and vindicate the dignity of the court and to punish for disobedience of its orders. Civil contempt proceedings are those instituted to preserve and enforce the rights of private parties to suits and to compel obedience to orders and decrees made for the benefit of such parties. The former are criminal and punitive in their nature, and the Government, the courts, and the people are interested in their prosecution. The latter are civil, remedial and coercive

in their nature, and the parties chiefly interested in their conduct and prosecution are those individuals for the enforcement of whose private rights and remedies the suits were instituted.'' 12 Ann. Jur. ''Contempt,'' Sec. 6, page 392.

See also Ann. State ex rel. v. Bittner, 49 A. L. R. 975, et seq.

■■ Clearly the offense charged was a criminal contempt, requiring guilt to be established beyond a reasonable doubt. On appeal in this case we have to consider whether or not the evidence preponderates against the verdict of the jury; the adverse finding below raises a presumption of guilt, which the accused must overcome, in order to obtain a reversal on the facts, by showing that the preponderance of proof is against the finding. State ex rel. Anderson v. Daugherty, supra, 137 Tenn., at page 128, 191 S. W. 974.

■ Is the preponderance of the evidence against the verdict of the jury?

On June 6, 1939, the plaintiff in error was perpetually enjoined from engaging in, conducting, continuing or maintaining a place where intoxicating liquors were sold, either directly or indirectly by himself or his agents or representatives at any place in Knox County and more particularly in or about the place of business known as ''The Frolics.'' A State Highway Patrolman testified that on August 9, 1941, about 9:15 P. M., he drove to this place of business, parked his car and blew his horn and the plaintiff in error came to his car, was told by the Patrolman, who was in plain clothes, that he wanted a pint of whiskey of a certain sort, to which the plaintiff in error replied ''all right'' and went back into the house; that about five minutes later a girl employee,

whom he identified, brought the whiskey to him and he paid her for it. The plaintiff in error contradicts the state's witness, saying he was in his dining room during the period of time in question and offers a witness to support his claim, but this witness admits that one of the girls asked plaintiff in error something and he went to the door and came back in about a minute. The plaintiff in error further testified that the girl in question left his place of business on Thursday the 7th and didn't get back until Monday the 11th, although she should have been back by the preceding Friday at noon. It appears that his place of business is north of Knoxville and this girl allegedly went to her home in Cumberland, Kentucky, going and returning on the bus. The girl, her mother and two other witnesses testify she was in Cumberland, Kentucky, from the 7th to the 11th. Another witness offered by plaintiff in error says she saw this girl getting off of the bus on the 11th but says it was coming *from* Knoxville, rather than from Kentucky. This is very significant and is unexplained. Plaintiff in error also offered evidence as to the good reputation of his place of business, but one of the witnesses testified on cross-examination that it was a part of the reputation of the place that whiskey could be purchased there. In rebuttal the State proved by the Sheriff of Knox County and the Division Chief of the Highway Patrol that it was a part of the reputation of the plaintiff in error that whiskey was being sold by him and at such place of business.

The defense presented a simple question of fact. The testimony was in conflict. The jury and the trial judge could observe the witnesses and weigh and appraise their testimony in the light of all the facts and circumstances

in the case. The jury's verdict is approved by the trial judge.

In view of the holdings of our Supreme Court in the cases of Odeneal v. State, 128 Tenn. (1 Thomp.), 60, 157 S. W. 419; Curry v. State, 154 Tenn. (1 Smith), 95, 290 S. W. 25; Edwards v. State, 174 Tenn. (10 Beeler), 532, 128 S. W. (2d) 629, we cannot say the evidence in this case preponderates against the verdict of the jury and we therefore affirm the judgment of the trial court.

McAmis and Burnett, JJ., concur.