SAMSON DEWEY BARTON et al.

*v.*

WALTER EARL JONES.

(*Nashville,* December Term, 1958.)

Opinion filed March 12, 1959.

Rehearing denied April 8, 1959.

JOSEPH A. FREEMON, Lawrenceburg, for plaintiff in error.

WILLIAM E. BOSTON, Lawrenceburg, for defendants in error.

MR. JUSTICE BURNETT delivered the opinion of the Court.

Walter Earl Jones petitioned this Court for *certiorari* and *supersedeas* to review the adjudication by the Circuit Court of Lawrence County that the petitioner was guilty of criminal contempt of court. The petition was heretofore granted on May 10, 1958, by a member of this Court wherein writs of *certiorari* and *supersedeas* were granted and the petitioner was allowed his freedom provided he executed an appearance bond or give the oath for the poor.

The case was then duly filed by the Clerk of this Court and it came on for hearing on January 26, 1959. The record with the petition for *certiorari* was filed on June

28, 1958. No brief was filed in support of this petition here until the morning of the hearing on January 26, 1959. As a result of this delay in filing the brief the defendant in error now moves that the case be affirmed because briefs were not filed by the plaintiff in error in accordance with the rules of the Court. In view of the fact that an assignment of error was filed by the petitioner at the time writs of *certiorari* and *supersedeas* were granted and of the seriousness of the charge upon which the petitioner is held, we deem it best, in our discretion, to disallow the motion to strike the appeal and affirm the case.

A consent decree was entered in this cause on March 27, 1957, wherein the petitioner consented in certain consolidated causes to a decree and judgment against him for $5,000. Within a few days after the 30 days had expired or on about that time, the petitioner filed a petition in bankruptcy, bankrupting this judgment. As a result of this judgment being bankrupted the petitioner was again brought into the Circuit Court on petition and that court after hearing proof held that the petitioner had perpetrated a fraud upon the court because at the time that he agreed to this consent decree he intended at that time and did before execution could issue, bankrupt this judgment. As a result of this hearing the court held that the petitioner had practiced a fraud upon the court and that this fraud constituted contempt of court and ordered the petitioner to jail until he purged himself of contempt by making up the back payments as provided by the consent decree. The following day, and while the petitioner remained in jail under this civil contempt order, the Circuit Judge set aside the civil judgment against the petitioner. The court then

changed the order from civil contempt and found that the petitioner was guilty of criminal contempt and sentenced him to serve 10 days in jail and imposed a $50 fine thereon allowing petitioner credit for the number of days that he had spent in jail. An appeal was denied and it was from this order that this Court heretofore granted *certiorari* and *supersedeas.*

■ We, after considering the matter and reading the record, are satisfied that there is no criminal contempt and that the court was without power to sentence the petitioner to jail. It has been well said that, ''the line of demarcation between acts constituting criminal and those constituting civil contempt is very indistinct.'' For an excellent opinion on the distinction between criminal and civil contempts and definitions thereof see *O'Brien v. State ex rel. Bibb,* 26 Tenn.App., 270 170 S.W.2d 931. See also *Brown v. Brown,* 198 Tenn. 600, 281 S.W.2d 492, which makes the distinction. We feel that under these authorities and others that at most the contempt here created was civil. The contempt as is shown by the court's first reaction was clearly a use of the court to enforce a private right. The Courts of this Country have long unanimously agreed that there could be no imprisonment for the failure to pay a civil debt. This being true it is our view that the petitioner here could not be imprisoned for failure to pay this judgment even though at the time he consented to it he had anticipated taking the bankruptcy law to avoid the judgment.

It thus results that the judgment of the lower court in sentencing this man to jail and fining him for contempt must be reversed and for nothing held.

█ The petitioner has brought this case here and has failed to comply with the rules of this Court in seasonably filing his brief in support of his assignments as is shown by the rules of the Court, rules 14, 17, which are found in Volume 185, Tennessee Reports, pages 866 and 871.

For this reason all costs of the cause are taxed against the petitioner Jones and the sureties on his bond which was given in perfecting the writ of *certiorari* and *supersedeas* to this Court.

## On Petition to Rehear

We have been presented with a courteous, dignified and forceful petition to rehear herein on behalf of Barton and others. These petitioners were the plaintiffs in the original lawsuit and secured a consent judgment against Jones which he bankrupted within approximately 30 days after the judgment was rendered. It was then on petition that the Circuit Judge found Jones guilty of criminal contempt, etc., as shown by our original opinion. Mr. Justice Tomlinson in matters presented to him granted a writ and the case was argued before us. We in the original opinion held that this did not amount to a criminal contempt. We, though, in our discretion assessed Jones with the costs.

The petition now presented by Barton, et al., argues that we were in error in not holding Jones guilty of criminal contempt and respectfully and forcefully prays that we set our judgment aside and allow Barton and others to again argue this matter before us because no brief and assignments of error was filed in our Court up until the day the matter was presented and that as a

result thereof Barton and others did not have a chance to file a reply brief. We considered this matter in conference, and in our discussion several times, and consider that a very able argument was made on behalf of Barton and others in our Court even though no brief was filed. It was our unanimous opinion after considerable deliberation, and it still is, that under the factual situation presented in this record there was no criminal contempt. We have again very carefully read and re-read the petition to rehear and the authorities cited therein and still are constrained to hold to our original opinion that this did not amount to a criminal contempt under the circumstances as presented. The result is that the petition to rehear must be overruled.