TAYLOR IMPLEMENT MANUFACTURING COMPANY, INC.
Appellee,

*v.*

UNITED STEELWORKERS OF AMERICA,
AFL-CIO et al., Appellants.

410 S.W.2d 881.

(*Knoxville,* September Term, 1966.)

Opinion filed November 14, 1966.

Petition for Rehearing Denied February 10, 1967.

ALLEN H. CARTER and S. RANDOLPH AYRES, Athens, and WILLIAM P. HUTCHESON, Chattanooga, for appellee.

GEORGE C. LONGSHORE, Birmingham, Ala., and TOM J. TAYLOR, Athens, for appellants.

MR. JUSTICE CRESON delivered the opinion of the Court.

This appeal comes from the Chancery Court of Mc-Minn County, Tennessee. In that court, Wayne Dyke, Ed McKinney and John Blackwell were found guilty of criminal contempt and given the maximum sentence under T.C.A. sec. 23-903 of ten days in jail, plus a $50.00 fine.

This prosecution of criminal contempt arose out of an alleged violation by the three previously named persons of an injunction issued by the McMinn County Chancery Court. That injunction, arising out of a labor controversy, in pertinent part reads as follows:

"(c) From inflicting harm or damage upon the persons or property of Complainant's employees, customers, visitors or any other persons. This includes but is not limited to the throwing of tacks or other sharp objects on the roadway or driveway;"

It was alleged that the three defendants in the contempt proceeding had fired shots at or into the home of one Lloyd Duckett, a nonstriking employee of the ap-

pellee. Evidence presented at the contempt proceeding supports this accusation.

·· The appellants have filed the following assignments of error in this Court:

"1. The Court erred in denying the defendants a trial by jury. See Motion for New Trial, ground No. 2 (Tr. 84) The defendants' answer demanded a trial by jury. (Tr. 74) The Court noted and denied the demand for jury trial. (Tr. 99) The defendants had a right to trial by jury by reason of Title 40 sec. 2504, Code of Tennessee (1956) Art. 1 sec. 6 of the Constitution of the State of Tennessee; and the 7th Amendment to the Constitution of the United States.

2. The offense charged against the defendants was a crime and a felony under the laws of Tennessee and the Chancery Court is without jurisdiction to enjoin violation of the criminal laws of the State of Tennessee. See Motion for New Trial, grounds No. 3, 5, and 8. (Tr. 84-85) The facts made the basis of the charge of contempt, assuming arguendo they are true, are also violative of the Criminal Code of Tennessee and are punishable thereunder. Thus, the defendants could well have been charged with violation of, for example, Article 39, sec. 4901, Article 39, sec. 603, Article 39, sec. 1101, or Article 39, sec. 4501, of the Code of the State of Tennessee. The Chancery Courts do not exist to enforce the criminal code. The defendants were tried in a summary fashion without the Constitutional guarantees otherwise theirs. The Constitution of the State of Tennessee shows great concern for the rights of the accused. From arrest to trial to appeal, the defendant accused of a crime is protected from abuse by the

State. These defendants are entitled as a matter of right to that protection.

3. The Court erred in admitting evidence of an air-rifle found in the automobile without a search warrant. See Motion for New Trial, ground no. 4. Sheriff Powers searched the car in question without a search warrant and testified he found a gun.

'A. We set them on the bench there in jail. Set them on the bench. Told them to set there on the bench and we went on back out at that time and searched the car. On the right-hand side of the front seat I taken a gun from under the front seat; stuck back under the front seat.

MR. TAYLOR: We object to that.

THE COURT: I overrule.

MR. TAYLOR: Note our exception.

Q (By Mr. Carter) Go ahead.

A And—

THE COURT: (Interposing) You might be in good shape in a Criminal Court, but this is not Criminal Court, Mr. Taylor.

Q (By Mr. Carter) Go ahead, Mr. Powers.

A. I also found some ammunition in the seat where Ed McKinney was sitting for this gun." (Tr. 142—143)

Over objection the Court allowed the evidence noting perceptively that 'you might be in good shape in a Criminal Court, but this is not a Criminal Court, Mr. Taylor.' (Tr. 143) The defendants were entitled to Constitutional protection (both State and Federal)

from unreasonable search and seizure which was denied them by reason of the Court's assumption of criminal jurisdiction.

4. The Court erred in permitting evidence, over the objection of defense counsel, of some type of bullet or missile which the complainant refused to offer into evidence. Sheriff Kirkpatrick was allowed to testify as to comparisons of the bullet found near the Duckett home and another bullet allegedly handed him by the sheriff of McMinn County. (Tr. 134, 135)

'THE COURT: Do you have the gun with you?

THE WITNESS: No sir. It's locked up at Madisonville.

THE COURT: Madisonville?

THE WITNESS: Yes, sir.

MR. TAYLOR: That's all. Come down.

THE COURT: Are you offering this gun and ammunition in evidence?

MR. CARTER: I would like to but he didn't bring it.

THE COURT: Let it be treated as filed and withdrawn. (Tr. 137)

The defendants were deprived of the right to cross-examine in accordance with the statutes and Constitution of the State of Tennessee and the Constitution of the United States.''

■ Appellant's first assignment of error and major contention is that the trial court erred in denying appellants a trial by jury. It is asserted that this denial violates the right to trial by jury contained in T.C.A. sec.

40-2504, Article 1, Section 6 of the Constitution of the State of Tennessee, and Amendment 7 of the Constitution of the United States. The assignment of error is wholly without merit. The Court, in *Pass v. State* (1944) 181 Tenn. 613, 184 S.W.2d 1, has answered this question in clear and unmistakable terms, both with respect to the statutory right to jury trial in Chancery Court provided in T.C.A. sec. 40-2504 and right to jury trial under the Tennessee Constitution. It would serve no purpose but that of supererogation to attempt to restate the law of Tennessee in this regard, when it has been so ably and lucidly stated in the case just cited.

Likewise, that opinion takes into full account the 7th Amendment to the Constitution of the United States. It is completely clear that the result we reach in this case would be the same under Federal jurisdiction. The United States Supreme Court decisions cited and quoted from in *Pass v. State*, supra, have lately been brought down to date in the opinion of that Court in *Cheff v. Schnackenberg* (1966) 384 U.S. 373, 86 S.Ct. 1523, 1537, 16 L.Ed.2d 629. It inevitably follows, upon consideration of these decisions, that the first assignment of error must be overruled.

■■ Appellants' assignment of error 2 urges that the Chancery Court was without jurisdiction to issue the injunction found to be violated. The assignment is based upon the fallacy that such injunction sought to and did enjoin violation of the criminal laws of the State of Tennessee, as such. However, this is clearly not the case here. This injunction was issued (1) to protect the property and personal rights of the Taylor Implement Manufacturing Company, Inc. and its non-striking employees;

and (2) to maintain an atmosphere of reasonable tranquility in which a labor dispute might be resolved. See 28 Am. Jur. 65 (Injunctions—Sec. 157). It is also the law of this State that even if the injunction were improperly issued, as contended by the appellants, they are required to obey it as long as it continues in force; and would be guilty of contempt of court if they failed to obey it. See *Nashville Corp. v. United Steelworkers of America, CIO* (1948) 187 Tenn. 444, 215 S.W.2d 818.

Appellants' assignment of error 3 argues that the trial court erred in admitting evidence relating to an air rifle found in appellant McKinney's automobile. It is true that such weapon was found by search of the automobile, without search warrant. The evidence contained in this record shows, however, that the search of the car was made after the appellant McKinney had been arrested for reckless driving. No question is made but that this was a lawful arrest. The question then is whether the search was reasonable or otherwise. The gun was found, according to the only evidence contained in the record, under the front seat of the automobile. It is the law of this State that, within reasonable limits, the police may search pursuant to a lawful arrest the person and property of the person arrested for evidence of the crime for which he is arrested, and for weapons which might be utilized for resistance or escape. It is the opinion of this Court that the search here conducted was within those reasonable limits. If so, evidence of other unlawful conduct produced pursuant to a lawful search of this type is admissible in prosecution based upon such other unlawful conduct. See *Church v. State* (1960) 206 Tenn. 336, 333 S.W.2d 799, and *Elliott v. State* (1938), 173 Tenn. 203, 116 S.W.2d 1009.

■ Appellants' fourth assignment of error is that the trial court erred in allowing a Sheriff Kirkpatrick to testify as to comparisons he made of a projectile found near the Duckett home and another projectile allegedly given him by the Sheriff of McMinn County. The latter was taken from the car of the appellant McKinney. The main basis of objection to this testimony seems to be that these projectiles were not introduced into evidence. No authority is cited to support appellants' contention that for the court to allow Sheriff Kirkpatrick's testimony, it was necessary to introduce the projectiles into evidence. Further, the appellants fail to point out how or if they were prejudiced by the failure to enter the projectiles into evidence. This Court is of the opinion that Sheriff Kirkpatrick's testimony was admissible. Even if his testimony was not admissible, it would constitute, at most, harmless error. Here, there is no jury to be misled if, in fact, misleading testimony was given, but rather, this case was tried by a Chancellor, with knowledge of the law and the rules of evidence.

■ It is the opinion of this Court that, even without this evidence, sufficient evidence is contained in the record to fully justify the Chancellor's finding. Thus, an error in admitting evidence, if such were present, would not indicate reversal. See *Bowdon v. Bowdon* (1955) 198 Tenn. 143, 278 S.W.2d 670.

The judgment of the trial court is affirmed, with costs of this appeal assessed against the appellants.

BURNETT, CHIEF JUSTICE, DYER and CHATTIN, JUSTICES, and HARBISON, SPECIAL JUSTICE, concur.

Opinion on Petition to Rehear

Mr. Justice Creson.

■ We have been presented with a petition to rehear. The petition urges that this Court overlooked some of petitioner's contentions in arriving at its earlier opinion. It is sufficient to say that all of these contentions were considered by the Court in arriving at its original opinion. This Court is under no obligation to specifically answer every question made, simply because the same is made, regardless of how obviously devoid of merit.

The petition to rehear filed in this case is simply a reargument of those issues and contentions considered by this Court in preparing its original opinion. All of these contentions and the authorities cited in support of them were given full consideration by the Court and this Court feels no necessity to again review these questions.

No new argument is made, no new authority is adduced, and no material fact is pointed out as overlooked.

The petition to rehear is denied.

Burnett, Chief Justice, Dyer and Chattin, Justices, and Harbison, Special Justice, concur.