Hubert D. Patty, Maryville, for defendant-appellant.

Ronald E. Sharp, Sevierville, for plaintiff-appellee.

## CITY OF GATLINBURG, Plaintiff-Appellee,

v.

## Donald GOANS, Defendant-Appellant.

Court of Appeals of Tennessee, Eastern Section.

March 12, 1980.

Certiorari Denied by Supreme Court May 5, 1980.

OPINION

SANDERS, Judge.

The question on this appeal is whether or not a defendant is entitled to a jury trial in a circuit court on appeal from city court for violation of a city ordinance.

The Defendant-Appellant, Donald Goans, was tried and found guilty by the City Recorder of the City of Gatlinburg for public drunkenness and carrying a dangerous weapon. He was fined $20 and cost on the public drunkenness charge and $25 and cost on the dangerous weapon charge.

He appealed both cases to the Circuit Court of Sevier County and demanded a jury in each case. The court denied the request for a jury trial and tried the cases without a jury. The court found the Defendant guilty and imposed a fine of $20 in the public drunkenness case and $25 in the dangerous weapon case.

The Defendant has appealed, insisting he was entitled to a trial by jury. He relies on

Article I, Section 6 and Section 9 of the Constitution of Tennessee and Amendment 7 of the United States Constitution as authority to support his contention.

Our courts have consistently held that persons charged with petty offenses and violation of city ordinances are not, as a matter of right, entitled to a trial by jury under the provisions of the State or Federal Constitutions. See *Pass v. State*, 181 Tenn. 613, 184 S.W.2d 1; *O'Dell v. City of Knoxville*, 54 Tenn.App. 59, 388 S.W.2d 150 (1964); *Howard and Von Drake v. State*, 143 Tenn. 539, 227 S.W. 36; *Dyke v. Taylor Implement Mfg. Co.*, 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538 (1968); and *Taylor Implement Mfg. Co. v. United Steelworkers*, 219 Tenn. 472, 410 S.W.2d 881 (1966).

The issues are resolved in favor of the Appellee. The judgment of the trial court is affirmed and the cost of this appeal is taxed to the Appellant.

PARROTT, P. J., (E.S.), and FRANKS, J., concur.