Jackie Gaines **ROBINSON**

v.

**Lewis GAINES, Jr.**

**Linda Gaines MASON**

v.

**Lewis GAINES, Jr.**

Court of Criminal Appeals of Tennessee, at Nashville.

Dec. 15, 1986.

Charles Galbreath, Nashville, for appellant, Gaines.

W.J. Michael Cody, Atty. Gen., Kathy M. Principe, Asst. Atty. Gen., Nashville, for appellee, State.

## OPINION

F. LLOYD TATUM, Special Judge.

The defendant, Lewis Gaines, Jr., was found guilty in these two separate cases of criminal contempt for failure to pay child support as ordered by the Circuit Court for Davidson County. After the two bench trials, the defendant was sentenced to 6 months confinement for each contempt conviction, with the sentences running concurrently. The cases were tried separately in the trial court on the same day and they were consolidated on appeal. On this appeal, the defendant insists that he had a federal and state constitutional right to a trial by jury. The defendant also makes issue that the trial court did not have authority to order that he not be admitted to work release or other trustee program while serving these concurrent workhouse sentences. After considering the issues, we find that the judgments of the trial court must be modified and affirmed.

The defendant and Jackie Moore Gaines were divorced on November 20, 1975. The defendant was ordered to pay $35.00 per week for the support of the one minor child of these parties. On February 25, 1986, Jackie Gaines Moore (Robinson) filed a third petition for contempt, the prior petitions having been resolved by agreement or dismissed by the Court. A hearing was held on March 5, 1986, when the trial court, without the intervention of a jury, found the defendant in arrears in the sum of $13,465.73. During the hearing, the defendant paid $2,000.00, thus reducing the arrearage to $11,465.73. The Court found the defendant to be in contempt and sentenced him to serve 6 months in the Davidson County Workhouse. The judgment further provided that he should not be admitted to work release or other trustee-type status.

The defendant and Linda Gaines Mason were divorced on August 5, 1981. The defendant was ordered to pay $300.00 per month for the support of the one minor child which was the fruit of this marriage. Linda Gaines Mason filed a petition for contempt on February 20, 1986, this being the third petition filed by her against the defendant for failure to pay child support. The prior two petitions were resolved either by agreed order or by order of the court without a finding of contempt.

This second case was also heard on March 5, 1986, by the court without a jury. The court found the defendant guilty of willful contempt. He was in arrearage in the sum of $14,676.87. He also paid $2,000.00 of this arrearage on the day of the trial, reducing the sum owed to $12,-676.87. A sentence of 6 months in the Workhouse was imposed in this case with the provision that the defendant should not be admitted to work release or other trustee-type status. As stated, the two sentences were ordered to run concurrently.

The defendant was found guilty in each case of the violation of T.C.A. § 36-5-104(a), which provides:

"Failure to comply with child support order—Criminal sanctions.—(a) When any person, ordered to provide support and maintenance for a minor child or children, shall fail to comply with the order or decree, such person may, in the discretion of the court, be punished by imprisonment in the county workhouse or county jail for a period not to exceed six (6) months."

Mrs. Robinson, Mrs. Mason, as well as the State have filed briefs. The State has moved that the briefs of Mrs. Robinson and Mrs. Mason be stricken because this is a criminal case; hence, Mrs. Robinson and Mrs. Mason are not parties thereto and the State has sole jurisdiction to prosecute these appeals.

There is no doubt that the defendant was convicted of criminal contempt and not civil contempt in each of these cases. The sentence in each case was a fixed period of 6 months. There was no provision in either case that the appellant be released at such time as he might pay the arrearage.

■ The punishment in a civil contempt is remedial, compelling the doing of something by the contemnor, which, when done, will work his discharge. Civil contempt judgments coerce the contemnor into complying with an order of the court. It is often said that in civil contempt cases, the contemnor has the keys to the jail in his own pocket. See *Shiflet v. State,* 217 Tenn. 690, 400 S.W.2d 542 (1966).

■ On the other hand, criminal contempts are punitive in character. These proceedings are to vindicate the authority of the law and the court as an organ of society. In criminal contempt cases, the contemnor must serve the sentence imposed whether or not he purges himself by complying with the court order. One convicted of criminal contempt does not carry the key to the jail in his pocket. *Shiflet v. State, supra.*

■ Since the defendant was convicted in each of these cases for criminal con-

tempt, the motion of the State to strike the briefs of Mrs. Robinson and Mrs. Mason are sustained. These parties have no standing in this appeal.

We now address the issue of whether the constitutional rights of the defendant were violated since he did not execute a written waiver of his right to a trial by a jury.

The United States Supreme Court has held that the United States Constitution does not require that a defendant be given a jury trial when the possible sentence is 6 months or less. This rule expressly includes criminal contempt cases. *Cheff v. Schnackenberg,* 384 U.S. 373, 86 S.Ct. 1537, 16 L.Ed.2d 629 (1966); *Bloom v. Illinois,* 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968). The maximum punishment for the violation of T.C.A. § 36-5-104 may not exceed 6 months. In *Pass v. State,* 181 Tenn. 613, 184 S.W.2d 1 (1944), the Tennessee Supreme Court held that

"A constitutional guaranty of jury trial does not apply to proceedings to punish for contempt of court whether in a court of law, a court of equity, a court having criminal jurisdiction, or other court. Punishment for contempt may be summary whether the contempt is direct or indirect, civil or criminal, ..."

Also see *Taylor Implement Manufacturing Company v. United Steel Workers,* 219 Tenn. 472, 410 S.W.2d 881 (1966), rev'd on other grounds, 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538 (1968); *Weinstein v. Heimberg,* 490 S.W.2d 692, 696 (Tenn.App. 1972).

■ The defendant argues that he could have been sentenced to a maximum of 1 year for both of these offenses and therefore these are not petty offenses under the criteria of *Bloom v. Illinois, supra,* and *Cheff v. Schnackenberg, supra.* We disagree. These were separate charges, separate offenses, and separate trials. The circumstance that two trials were held on the same day or that the two cases were consolidated for appeal, does not alter the fact that the two cases are separate and distinct. We have two convictions for which the maximum penalty for neither may exceed 6 months confinement. Cf. *Taylor v.*

*Hayes,* 418 U.S. 488, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974).

▮ Tenn.R. of Crim.P. 23 requires that a defendant be given a trial by jury, unless waived, in all criminal cases "except small offenses." On the foregoing authorities, we hold that prosecutions for contempt for the violation of T.C.A. § 36–5–104, where imprisonment may not exceed 6 months upon conviction, is a "small offense" within the meaning of Rule 23.

Next, the defendant maintains that the trial court did not have the authority to order that he not be admitted to work release or any other trustee program while incarcerated at the workhouse. The defendant cites no authority except for the general statute on work release. This statute does not bar the trial court from limiting an individual's participation in the program.

The portion of the trial court's order complained of is as follows:

"... and further the defendant being in willful contempt of the orders of this Court that he should be punished according (sic), and further that in consideration of the entire record in this cause and the testimony and the past record of the defendant the Court is fearful that while the defendant is incarcerated in the Metropolitan Jail that if he were to be released on a work release or other type trustee status that he may leave the jurisdiction of the Court ..."

We think that this issue is resolved by T.C.A. § 40–35–302(d), which provides:

"(d) In imposing a misdemeanor sentence, the court shall fix a percentage of the sentence which the defendant shall serve. After service of such a percentage of the sentence, the defendant shall be eligible for consideration for work release, furlough, trustee status and related rehabilitative programs. The percentage shall be expressed as zero percent (0%), ten per cent (10%), twenty percent (20%), thirty percent (30%), forty percent (40%), fifty percent (50%), sixty percent (60%), seventy percent (70%) but not in excess of seventy-five percent (75%). If no percentage is expressed in the judg-

ment, the percentage shall be considered zero percent (0%). When the defendant has served the required percentage, the administrative authority governing the rehabilitative program shall have the authority in its discretion to place the defendant in such programs as provided by law. In determining the percentage of the sentence to be served in actual confinement the court shall consider the purposes of this chapter, the principles of sentencing, and the enhancement and mitigation factors set forth herein, and shall not impose such percentages arbitrarily."

▮ In our view, the trial judge cannot prohibit a defendant from being considered for work release, furlough, trustee status, and related rehabilitative programs after he has served 75 per cent of his sentence. We modify the judgment accordingly.

▮ We add that the above-quoted finding of the trial judge is supported by the evidence. There is evidence to support the finding that the defendant had been working away from Nashville for prolonged periods. He admitted "that he absented himself from the State and had failed to abide by former orders directing him to pay after being cited for contempt and that he had defaulted on *ne exeat* bonds on more than one occasion. Thus, the trial court had an adequate basis for believing that there was a high risk that the defendant would leave the court's jurisdiction if placed on work release status. The defendant does not maintain that the trial judge had no basis for making this finding.

It results that the judgment is modified so as to provide that the defendant shall be ineligible for consideration for work release, furlough, trustee status, and related rehabilitative programs until he has served 75 per cent of these concurrent sentences. As modified, the judgment of the trial court is affirmed.

DUNCAN and CORNELIUS, JJ., concur.