**CITY OF JACKSON, Tennessee, Plaintiff–Appellee,**

v.

**Charles BLEDSOE, Defendant– Appellant.**

Court of Appeals of Tennessee, Western Section, at Jackson.

Dec. 6, 1991.

Permission to Appeal Denied by Supreme Court March 16, 1992.

Dennis Mays, Jackson, for plaintiff-appellee.

Charles Bledsoe, pro se.

CRAWFORD, Judge.

Appellant, Charles Bledsoe, appeals from the order of the Circuit Court dismissing his appeal from the City Court of Jackson, Tennessee.

On February 25, 1991, appellant was found, guilty by the City Court of Jackson, of speeding in violation of a Jackson city ordinance and fined two dollars plus court costs. On March 11, 1991, appellant filed in the city court clerk's office an appeal bond to appeal the case to the circuit court. The case was docketed in the circuit court on April 9, 1991, and on July 2, 1991, appellant filed a motion for a jury trial.

The City of Jackson filed a motion in the circuit court to dismiss the appeal on the grounds that the appellant did not appeal the city court decision within ten days as required by statute. On July 29, 1991, the circuit court granted the City's motion and dismissed the appeal. Appellant has appealed to this Court and asserts that he was denied the right of trial by jury in violation of Article III of the Constitution of the United States.

We affirm the order of the circuit court dismissing appellant's appeal from the city court.

Appeals from the city court of Jackson, Tennessee are governed by the provisions applicable to appeals from general sessions courts. Section 58, Chapter 167, Private Acts of 1969. A party must appeal from an adverse decision of the general sessions court within ten days of the date of entry of the general sessions court judgment. T.C.A. § 27–5–108 (1980).

The record in the instant case establishes that appellant filed his appeal from the decision of the city court fourteen days after the decision was rendered. Accordingly, the circuit court properly dismissed the appeal.

Moreover, we should note that appellant's assertion that he was denied a right of a trial by jury in violation of the Constitution of the United States is incorrect. The courts in this state have consistently held that persons charged with petty offenses in violation of city ordinances are not, as a matter of right, entitled to a trial by jury under the provisions of either the state or the federal constitution. *City of Gatlinburg v. Goans*, 600 S.W.2d 735 (Tenn.App.1980), and cases cited therein.

Even if appellant were constitutionally entitled to a trial by jury, his assertions that he was denied such a trial would still be incorrect. In *City of Chattanooga v. Myers*, 787 S.W.2d 921 (Tenn.1990), our Supreme Court said:

... the long-standing, traditional rule in Tennessee, based upon interpretation of the predecessor of the present T.C.A. § 27–5–102 allows a defendant a jury trial on an appeal to the circuit court from a judgment of a municipal court based on the violation of a city ordinance, provided a jury trial is timely demanded.

787 S.W.2d at 927.

Proceedings to recover fines for violation of municipal ordinances are considered civil for the purposes of procedure and appeal. *City of Chattanooga v. Myers*, 787 S.W.2d 921, 928 (Tenn.1990). Accordingly, if appellant had timely appeal-

ed from the city court to the circuit court he would have been required to file a written demand for jury trial within ten days after the case was docketed in the circuit court clerk's office. Rule 38.03, Tenn. R.Civ.P. Failure to make the demand as required by the rule constitutes a waiver of a trial by jury. Rule 38.05, Tenn.R.Civ.P.

The order of the trial court dismissing appellant's appeal from the city court to the circuit court is affirmed and costs of appeal are assessed against the appellant.

HIGHERS and FARMER, JJ., concur.