# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

**April 7, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

LUVANA LEEAN TUDORS,  )

    Plaintiff/Appellee,  )
                )  Appeal No.
                )  01-A-01-9802-CV-00103

VS.  )

                )  Marion Circuit
                )  No. 11672

CARL WILLIAM BELL, JR.  )

    Defendant/Appellant.  )

APPEALED FROM THE CIRCUIT COURT OF MARION COUNTY
AT JASPER, TENNESSEE

THE HONORABLE THOMAS W. GRAHAM, JUDGE

CHARLES BOYD COLEMAN, JR.
4279 Main Street
Jasper, Tennessee 37347
      Attorney for Plaintiff/Appellee

LISA ZARZOUR ESPY
615 Lindsay Street, Suite 300
Chattanooga, Tennessee 37403
      Attorney for Defendant/Appellant

REVERSED AND REMANDED

BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:
CAIN, J.
COTTRELL, J.

# O P I N I O N

This is an appeal of two ten-day sentences for criminal contempt.  We find that the procedural requirements for a sentence for criminal contempt have not been satisfied.  We, therefore, reverse the lower court's order.

## I.

The Circuit Court of Marion County awarded temporary custody of a minor child to the father.  In a subsequent order, the court allowed the mother to visit with the child for a one and one-half hour period, at least once a week.  Still later, the court expanded the visitation period to three hours per week, either in one visit or split into two visits.

On September 24, 1997, the mother filed a petition for contempt alleging that the father had refused to allow any visitation with the mother since March 1, 1997 and had insisted that the visits with the mother be conducted under his supervision.  The court issued the following order based on the petition:

> It appearing to the Court based on the Petition for Contempt filed in the above styled action that the Defendant should immediately appear before the Court to show cause why he should not be held in contempt for failing to abide by the previous Orders of this Court. Accordingly, the Court hereby orders the Defendant to appear on the 29th day of September, 1997, at 9:00 A.M. in the courtroom at Jasper, and then and there to show cause why he should not be held in contempt of the previous Orders of this Court regarding his alleged denial of visitation privileges previously granted to the Plaintiff.

After a hearing on September 29, 1997 the court ordered that the matter be brought back before the court on November 4, 1997 and that, in the meantime, "beginning Saturday, October 4, 1997 and continuing through Saturday, November

1, 1997, the minor child . . . is to visit with her mother . . . for four hours at the place of the mother's choosing, with supervision by a person suitable to the parties . . . ."

On November 13, 1997 the court entered an order finding the father in contempt for denying the mother visitation on October 25 and November 1. The court sentenced the father to twenty days in jail but suspended the sentence for ninety days "within which time the Defendant may file a motion with the court seeking that said sentence be set aside." The father did file a motion, but in an order filed on February 13, 1998 the trial judge refused to set aside the conviction. The court did modify the sentence to allow the father to serve it on Sunday through Thursday nights from 9:00 p.m. to 6:00 a.m.

**II.**

We think the record clearly shows that the sentence imposed on the father on November 13, 1997 was for criminal contempt. Criminal contempts are punitive in character; in such cases the defendant must serve the sentence imposed, whether or not he purges himself by complying with the court order. *Robinson v. Gaines*, 725 S.W.2d 692 (Tenn. Crim. App. 1986). Although the lower court's order allowed the father to move to set aside his conviction after ninety days, the order did not allow the father to purge himself of any punishment by performing some required act. The sentence was imposed unconditionally and only suspended for ninety days. After that time the sentence became absolute.

Viewing the punishment in this case as criminal requires us to closely monitor the procedural requirements for a criminal conviction. *See Strunk v. Lewis Coal Co.*, 547 S.W.2d 252 (Tenn. Crim. App. 1976). The first requirement is contained in Rule 42, Tenn. R. Crim. Proc. That rule allows a proceeding for criminal contempt to be started by a show cause order, but it requires the notice to "state the

essential facts constituting the criminal contempt charged <u>and describe it as such</u>." (Emphasis added). The failure to comply with that part of Rule 42 requires the reversal of a criminal contempt conviction. *Storey v. Storey,* 835 S.W.2d 593 (Tenn. App. 1992).

In this case, the order notifying the father of the contempt charge does not mention criminal contempt. Therefore, the criminal contempt conviction must be reversed.

In addition, the show cause order was issued on September 24, 1997. The petition on which the order was based described a general pattern of defiance of the court's order, going back to March 1. The order convicting the father found him guilty of a violation on October 25 and November 1, 1997. There is neither a petition for contempt nor a show cause order in the record, covering the period after September 24, 1997. Therefore, so far as this record shows, the father had no notice of these charges. Rule 42 requires a statement of the facts constituting the contempt, but more fundamentally, due process requires notice of what the defendant must be prepared to meet. *State v. Barnes*, 954 S.W.2d 760 (Tenn. Crim. App. 1997). For this additional reason, we reverse the contempt sentences imposed for a violation of the court's orders on October 5 and November 1, 1997.

### III.

The mother has raised the point that the notice of appeal was not timely filed because the judgment below became final thirty days after it was entered on November 13, 1997. A judgment is final, however, only when it adjudicates all the rights and liabilities of all the parties. Rule 3(a), Tenn. R. App. Proc. A notice of appeal filed before that time is premature. Rule 4(d), Tenn. R. App. Proc.

- 4 -

In this case, the order of November 13, 1994 specifically allowed the father to file a motion to set aside the judgment of contempt. Until that motion was disposed of, the judgment was not final. Therefore, the notice of appeal filed within thirty days of the disposition of that motion was timely.

The judgment of the court below is reversed and the cause is remanded to the Circuit Court of Marion County for further proceedings. Tax the costs on appeal to the mother.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:


_____
WILLIAM B. CAIN, JUDGE


_____
PATRICIA J. COTTRELL, JUDGE