IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 3, 2025

## SOUTHERN ROOFING & RENOVATIONS, LLC v. ARON AUSTIN ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-1601-19, CT-1250-20      Rhynette N. Hurd, Judge**

_____

**No. W2024-00937-COA-R3-CV**

_____

In this case that began as a breach of contract action, the defendant property owner attempts to appeal from two cases that were not consolidated in the trial court but resulted in the entry of a single order in favor of the plaintiff roofing company. Because the order appealed from did not adjudicate all of the claims of all of the parties, we dismiss this appeal for lack of subject matter jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which FRANK G. CLEMENT, P.J., M.S., and JOHN W. MCCLARTY, J., joined.

Aron Austin, Millington, Tennessee, Pro se.

Malcolm B. Futhey, III and Harley M. Chapman, Memphis, Tennessee, for the appellees, Southern Roofing & Renovations, LLC.

**MEMORANDUM OPINION[1]**

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## I. FACTUAL AND PROCEDURAL HISTORY

On or about January 7, 2019, Plaintiff/Appellee Southern Roofing & Renovations, LLC ("Southern Roofing") filed a civil warrant in the Shelby County General Sessions Court ("the general sessions court") against Defendant/Appellant Aron Austin ("Appellant").[2] The warrant sought damages of $11,958.00 in compensatory damages, as well as attorney's fees and exemplary or punitive damages, under the theories of breach of contract, contract implied in law, quantum meruit, and fraud. Trial occurred on March 27, 2019, and Southern Roofing was awarded a judgment by default in the amount $15,943.66. On the same day, Appellant attempted to file a counterclaim for $686.00, a motion for a continuance, and an answer. On April 8, 2019, Appellant filed a notice of appeal to the Shelby County Circuit Court ("the trial court").[3]

On May 20, 2020, Southern Roofing filed a motion for leave to amend its complaint and to add an additional party, Defendant Pauline Young. Therein, Southern Roofing alleged that in addition to its original claims, it wished to add claims of conversion, unjust enrichment, constructive trust/equitable lien, malicious prosecution and abuse of process, defamation, and tortious interference with contracts, business expectancies, and business prospects. Southern Roofing's proposed amended complaint alleged that it and Appellant entered into a contract for Southern Roofing to perform roof repairs on Appellant's property. In particular, Southern Roofing alleged that Appellant's representative, Aaron Grigsby, signed the services contract with Appellant's permission and on his behalf. Appellant then later initialed the contract in eight different locations.

According to the proposed amended complaint, Southern Roofing performed the work on the contract, but Appellant refused to remit to Southern Roofing the insurance proceeds owed to it under the contract. Moreover, Southern Roofing alleged that Appellant and Ms. Young[4] engaged in defamation against Southern Roofing online, causing Southern Roofing to lose business. Finally, Southern Roofing alleged that Appellant had filed frivolous lawsuits against Southern Roofing related to this transaction. Southern Roofing therefore sought compensatory damages of at least $3,340,000.00, late fees, a restraining

---

[2] As noted *infra*, the notice of appeal in this case listed two separate cases filed in the Shelby County Circuit Court concerning these parties that were never consolidated. However, the record on appeal consists only of the technical record of the action that originated in the general sessions court. As such, we confine our recitation of the procedural history to the case originating in the general session court as reflected in the technical record provided to us, unless expressly noted otherwise.

[3] Because the tenth day following the judgment fell on a weekend, Appellant's notice of appeal was timely. *See* Tenn. Code Ann. § 27-5-108 (providing a ten-day time period for filing notices of appeal from general sessions court); *see also* Tenn. Code Ann. § 1-3-102 (providing rules as to how time periods are to be computed).

[4] In the trial court, Ms. Young alleged that she was "wrongfully identified" and referred to herself by the last names "Austin Young" and "Austin-Young." For clarity, we use the name found on the caption of this case but intend no disrespect to Ms. Young. In a later filing, Appellant asserted that Ms. Young is his mother.

order preventing Appellant from dispersing the insurance proceeds, a restraining order preventing Appellant and Ms. Young from defaming Southern Roofing, punitive damages, attorney's fees, and interest.

On May 26, 2020, Appellant filed a pro se answer to the proposed amended complaint, along with a request for sanctions and to strike. Primarily, Appellant asserted that he did not enter into a contract with Southern Roofing and the purported contract was forged and fraudulent. On June 4, 2020, Appellant also filed what he termed a "Cross-Complaint" against Southern Roofing, Mr. Grigsby, Southern Roofing's attorney, and the attorney's law firm for slander, libel, reckless conduct, and negligence related primarily to the allegations made in the amended complaint.[5]

On June 24, 2020, Southern Roofing filed a motion to consolidate this action with an action that Appellant filed against Southern Roofing and other defendants, captioned ***Austin v. Vandlandingham, et al.***, No. CT-1250-20 ("the Collateral Action"). The Collateral Action had originally been assigned to a different division of the Shelby County Circuit Court but was transferred to the trial court; the order of transfer expressly stated that consolidation would be decided following the transfer by the trial court judge. No order granting the motion to consolidate was ever entered.

Southern Roofing also filed a motion to dismiss Appellant's cross-complaint, which was granted by order of August 7, 2020, on the basis of insufficient process, insufficient service of process, absolute privilege, and that the statements were not defamatory.[6] On the same day, the trial court granted Southern Roofing's motion to amend its complaint and add Ms. Young as a party; the amended complaint was filed on August 21, 2020.

In the meantime, on August 17, 2020, Appellant filed a request for a jury trial. On August 31, 2020, Appellant once again answered the amended complaint, maintaining his denial that he entered into a contract with Southern Roofing.

Southern Roofing then filed a motion for default judgment against Ms. Young on October 27, 2020. Ms. Young filed an answer and a response in opposition to the motion for default judgment on November 4, 2020. On November 16, 2020, Ms. Young also filed what she termed a cross-complaint for libel, slander, defamation, and negligence against

---

[5] Appellant's cross-complaint would arguably be more properly characterized as a countercomplaint. *See* Complaint, *Black's Law Dictionary* (12th ed. 2024) (defining a countercomplaint as "[a] complaint filed by a defendant against the plaintiff, alleging that the plaintiff has committed a breach and is liable to the defendant for damages."). *But see* Cross-complaint, *Black's Law Dictionary* (12th ed. 2024) ("A claim asserted by a defendant against another party to the action."). We use the term cross-complaint in line with its characterization by Appellant.

[6] Although the trial court found the statements to be non-defamatory, they were certainly objectionable to Appellant. As such, we will not repeat them.

Southern Roofing.[7] Southern Roofing again responded with a motion to dismiss Ms. Young's cross-complaint. Ms. Young, in turn, argued that Southern Roofing's motion to dismiss should be denied and that the claims asserted against her in Southern Roofing's amended complaint should instead be dismissed.

On December 28, 2020, Appellant filed his first motion to recuse the trial court judge, arguing, inter alia, that the judge had "smirked" and shaken her head during Appellant's arguments, that the trial court's rulings were incorrect and inconsistent, and that the trial judge allowed Southern Roofing to file its motion to dismiss Ms. Young's cross claim despite his purported pending appeal of the Collateral Action. Around this time period, Appellant and Ms. Young filed several more motions and supplements, including one of multiple motions to dismiss "with extreme prejudice."

Eventually, on February 10, 2022, the trial court entered two orders: (1) denying Appellant's motion to recuse; and (2) striking Southern Roofing's motion for default by consent and allowing Ms. Young to file an amended answer. Appellant and Ms. Young filed many additional motions, some again asking for dismissal or additional discovery, as well as a second motion to recuse on July 27, 2022, and an "official complaint [of] bias, prejudice and impartiality" on February 8, 2023. The motion to recuse alleged that the trial court judge had exhibited bias against Appellant and Ms. Young by not timely ruling on their motions, being friends with the attorney who filed the general sessions court action for Southern Roofing, and by having a working relationship with Southern Roofing's current counsel. The "official complaint" also took issue with the trial court judge not correcting Southern Roofing's counsel for the alleged misrepresentations that had already been the subject of the cross-complaints. On February 17, 2023, Appellant and Ms. Young filed a motion to dismiss for failure to prosecute.

On November 2, 2023, the trial court denied the second motion to recuse. Then, on November 6, 2023, the trial court ruled on several motions pending before the court, including denying several motions to dismiss or for discovery filed by Appellant and Ms. Young. The trial court also denied Appellant's request to set the case for a jury trial, as the trial court ruled that Appellant failed to comply with Rule 38.03 of the Tennessee Rules of Civil Procedure. The trial court therefore scheduled the parties to appear for a bench trial on March 7, 2024. Following this order, Appellant filed additional motions related to discovery. The trial court entered another order on March 1, 2024, moving the trial to March 15, 2024, and ruling that both this matter and the remaining claims in the Collateral Action would be tried together.[8]

Trial occurred as scheduled on March 15, 2024. No transcript or statement of the

---

[7] *See* footnote 5, *infra*.

[8] By this time, it appears that most of the defendants named in the Collateral Action had already been dismissed, leaving only Southern Roofing.

evidence appears in the record. The trial court entered an order in Southern Roofing's favor on June 4, 2024. After making findings of fact concerning the proof submitted, the trial court found that Appellant was not credible, that he breached the contract with Southern Roofing, and that Appellant owed Southern Roofing $11,958.00 under the contract. The trial court further awarded Southern Roofing interest and attorney's fees pursuant to the parties' contract. The trial court did not find, however, that Southern Roofing had submitted sufficient evidence of its claim for lost profits as a result of Appellant's defamatory statements. Nor did the trial court find that Ms. Young took part in the defamation. The trial court also declined to award any damages against Appellant related to the defamation claim. Still, the trial court entered an injunction preventing both Appellant and Ms. Young from posting negative statements about Southern Roofing, its lawyers and their law firm, or the general sessions court judge. Finally, the trial court dismissed the complaint in the Collateral Action on the basis that it failed to state a claim because Appellant did not present proof of the elements of his claims. Thus, Southern Roofing was awarded a total of $91,470.69, the vast majority of which resulted from the award of attorney's fees. Appellant thereafter filed a notice of appeal to this Court, challenging the trial court's ruling in this matter, as well as the dismissal of the Collateral Action.

## II. ANALYSIS

In this appeal, Appellant has designated fourteen issues, which he addresses in seventeen separately headed arguments. Pursuant to this Court's duty under Rule 13(b) of the Tennessee Rules of Appellate Procedure, however, we must first consider our subject matter jurisdiction. *See* Tenn. R. App. P. 13(b) ("Review generally will extend only to those issues presented for review. The appellate court shall also consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review . . . ."). After our review of the record, we have determined that this Court lacks subject matter jurisdiction over this appeal.

In general, a party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a). Except as otherwise provided for in rules not applicable here, "if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not . . . appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a).

This case involved claims filed by three parties: Southern Roofing, Appellant, and Ms. Young. The trial court dismissed Appellant's cross-complaint against Southern Roofing and other purported parties by order of August 7, 2020. The trial court apparently also disposed of Southern Roofing's claims in its June 4, 2024 order, finding in favor of Southern Roofing only as to breach of contract and imposing an injunction against

- 5 -

Appellant and Ms. Young.[9] But the record on appeal contains no order disposing of Ms. Young's cross-complaint filed against Southern Roofing.

Here, despite the voluminous record associated with this appeal,[10] the trial court entered only six orders following the November 2020 filing of Ms. Young's cross-complaint: a February 10, 2022 order striking Southern Roofing's motion for default judgment and allowing Ms. Young to amend her answer; a February 10, 2022 order denying a motion to recuse; a November 2, 2023 order denying a motion to recuse; a November 6, 2023 order denying various pending motions; a March 1, 2024 order setting the trial date; and the June 4, 2024 purported final order. None of these orders mentions Ms. Young's cross-claim or Southern Roofing's motion to dismiss same.[11] As such, based on the record before this Court, it appears that Ms. Young's cross-claim has not been adjudicated, and the trial court's judgment is non-final. *See* Tenn. R. App. P. 3(a).

It is true that Ms. Young is not a party to this appeal, as she filed no brief.[12] Yet, her non-participation in this appeal does not alter the fact that all of the claims of all of the parties were not adjudicated by the trial court. And questions of subject matter jurisdiction do "not depend on the conduct or agreement of the parties, and thus the parties cannot confer subject matter jurisdiction on a trial or an appellate court by appearance, plea, consent, silence, or waiver." *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999) (internal citation omitted). Moreover, "[t]he lack of subject matter jurisdiction is so fundamental that it requires dismissal whenever it is raised and demonstrated." *Id.* (citation omitted).

Here, based on the record provided to this Court, it does not appear that the trial court ever adjudicated Ms. Young's cross-complaint. As such, Appellant has attempted to appeal a judgment that is non-final. While it is true that this Court may suspend the finality requirements for good cause, *see Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn.

---

[9] The trial court analyzes only the claims of breach of contract, unjust enrichment, and defamation in this order. Southern Roofing interprets the trial court's ruling as denying relief as to the other claims and/or theories set forth in the amended complaint. Arguably, this failure could also result in a conclusion that the judgment of the trial court was non-final. *See, e.g., Paul v. Watson*, No. W2011-00687-COA-R3-CV, 2012 WL 344705, at *4 (Tenn. Ct. App. Feb. 2, 2012) ("Even if we were to consider the claims of conversion and misrepresentation as merely separate legal theories based on the same operative facts, a judgment which does not adjudicate all the legal theories upon which a plaintiff bases his or her case is not a final judgment.").

[10] The record on appeal consists of fifteen volumes of technical record and over 2,000 pages.

[11] In fairness to the trial court, on November 31, 2023, Southern Roofing filed a notice setting forth the outstanding motions that could potentially be heard at an upcoming hearing. Southern Roofing's motion to dismiss Ms. Young's cross-complaint was not listed among the outstanding motions.

[12] Appellant did attempt to raise issues on Ms. Young's behalf in his brief. However, as Appellant is proceeding pro se and not an attorney, he is not authorized to file a brief on behalf of Ms. Young. *See generally Vandergriff v. ParkRidge E. Hosp.*, 482 S.W.3d 545, 554 (Tenn. Ct. App. 2015) (holding that non-attorney parties cannot file legal papers on behalf of others).

- 6 -

1990) (citing Tenn. R. App. P. 2), we conclude that none exists here. Indeed, our review convinces us that this case is not appropriate for review at this time. Obviously, depending on how the trial court rules on Ms. Young's cross-complaint, either Ms. Young or Southern Roofing, or even both parties, may wish to appeal. And the allegations in Ms. Young's cross-complaint relate directly to the statements Southern Roofing set forth in its amended complaint in this matter. But our courts do not encourage piecemeal appeals. *See Evans v. Wilson*, 776 S.W.2d 939, 942 (Tenn. 1989).

Second, the way that this matter was tried and appealed concurrent with the Collateral Action gives us some pause. Here, despite a pending motion to consolidate the two cases, the trial court never actually consolidated the two actions. But the trial court nevertheless entered a purported final order in which it disposed of the two cases at once. Moreover, it is unclear whether that order or another order of final disposition was ever entered in the Collateral Action, as the record in that action was not transmitted to this Court by the trial court clerk's office, despite Appellant's clear statement in his notice of appeal that he intended to appeal both matters.

Generally, even when consolidation is granted, "the two cases [remain] separate and distinct." *Robinson v. Gaines*, 725 S.W.2d 692, 694 (Tenn. Crim. App. 1986), *overruled on other grounds by State v. Dusina*, 764 S.W.2d 766, 768 (Tenn. 1989). Regardless, to the extent that Appellant wished to raise errors as to both the instant matter and the Collateral Action, it was Appellant's duty to ensure that this Court was provided with "a fair, accurate, and complete account of what transpired with respect to those issues that are the bases of the appeal[.]" *State v. Bobadilla*, 181 S.W.3d 641, 643 (Tenn. 2005) (quotation marks omitted) (citing Tenn. R. App. P. 24(b)).[13] But we must not ignore the fact that Appellant is proceeding pro se in this appeal, as he did in the trial court. And while we do not excuse pro se litigants from our procedural and substantive requirements, "[t]he courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system." *Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011) (quoting *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)). Given the trial court's failure to explicitly rule on the motion to consolidate and its decision to dismiss the Collateral Action within the purported final order in the instant action, it would not be surprising for even a seasoned legal professional to be confused by this situation.

Under these circumstances, we find no good cause to suspend the finality requirements and consider this appeal despite the lack of final judgment. As such, this

---

[13] Appellant does attempt to attach some documents from the Collateral Action to his brief. This is not permitted. *See Bobadilla*, 181 S.W.3d at 643 ("What is in the record sets the boundaries for what the appellate courts may review, and thus only evidence contained therein can be considered."); *Carney v. State*, No. M2006-01740-CCA-R3-CO, 2007 WL 3038011, at *4 (Tenn.Crim.App.Oct.17, 2007) (stating that "documents attached to an appellate brief but not included in the record on appeal cannot be considered by this court as part of the record on appeal" (internal citation omitted)).

appeal is dismissed without prejudice to the filing of a timely appeal once a final judgment has been entered.[14]

## III. CONCLUSION

Based on the foregoing, this appeal is dismissed without prejudice. Costs of this appeal are taxed one-half to Appellant, Aron Austin, and one-half to Appellee, Southern Roofing & Renovations, LLC, for all of which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE

---

[14] As a result of our decision, we do not reach any of the issues raised in this appeal, including Southern Roofing's request for attorney's fees incurred on appeal.