BETTY SHIFLET, Plaintiff in Error,

*v.*

STATE OF TENNESSEE, Defendant in Error.

400 S.W.2d 542.

(*Knoxville,* September Term, 1965.)

Opinion filed March 2, 1966.

H. M. Bacon and John F. Dugger, Morristown, for plaintiff in error.

George F. McCanless, Attorney General, and William H. Lassiter, Jr., Assistant Attorney General, for defendant in error.

Mr. Justice White delivered the opinion of the Court.

This is an appeal by Betty Shiflet from a conviction in the Criminal Court of Hamblen County for criminal contempt of court in which the judge, sitting without the intervention of a jury, sentenced her to serve six months in the Hamblen County Jail, and to pay a fine of $50.00, together with costs, for the violation of a temporary injunction prohibiting her from selling whiskey.

The assignments of error here are, in effect, that: (1) the evidence preponderates against the verdict and in favor of the accused in that the proof fails to show that the defendant Betty Shiflet was in contempt of court; and (2) the trial court erred in saying that it was unnecessary to establish the guilt of the defendant beyond a reasonable doubt.

We consider assignment of error number (2) only, because it presents a valid and necessary reason requiring the reversal of this conviction.

The record shows that on July 7, 1965, the State, on relation of the Attorney General, filed a petition against the defendant and her husband, alleging that they were illegally selling whiskey and maintaining a public nuisance. By petition the State sought to enjoin the defendant and her husband from engaging in the sale of whiskey in Hamblen County.

By agreement of the parties, a temporary injunction was granted, but apparently it was never recorded upon the minutes of the court. On August 9, 1965, a petition was filed by the State, on relation of the Mayor and Aldermen of Morristown, Tennessee, to hold the defendant and her husband in contempt of court for violating the temporary injunction.

Prior to the hearing of the evidence against the defendant and her husband, the trial judge was presented with several motions. When he ruled on these motions he commented that the proof in a criminal case, in order to sustain a conviction, has to be beyond a reasonable doubt. He further stated, however, that ''this nuisance bill is a civil matter and the proof necessary for the complainant is by a preponderance of the evidence.''

The trial judge then heard evidence against the defendant and her husband and found them guilty of contempt of court. In his opinion he held that this was a criminal case and, therefore, the presumption that the head of the house is in control thereof has no application. He further held that if the defendant, Mrs. Shiflet, did not approve things going on in or near her residence, she should have complained to the District Attorney General. Since she offered no explanation at the trial for the presence of whiskey in her kitchen, the trial judge found

her in violation of the injunction entered by consent of the parties on June 29, 1965.

In a most commendable manner the Attorney General says, in his brief:

> The law in this State is well settled on contempts and the quantum of proof necessary to convict. In criminal contempts the defendant is presumed to be innocent and must be proven guilty beyond a reasonable doubt. *State ex rel. Anderson v. Daugherty,* 137 Tenn. 125, 128, [191 S.W. 974]. In civil contempts, however, the proof necessary to convict is a preponderance of the evidence. Therefore, the determinative question in this case is whether or not this proceeding against the defendant was a civil or criminal contempt.

■ The brief then discusses the case of *State ex rel. Anderson v. Daugherty,* supra, in which civil and criminal contempts are discussed and distinguished. This case is relied upon by the plaintiff in error. In that case it is said that a civil contempt is one where a person refuses or fails to comply with an order of the court and punishment is meted out for the benefit of a party litigant. The punishment in a civil contempt is remedial compelling the doing of something by the contemnor, which, when done, will work his discharge.

■ Criminal contempts, on the other hand, are punitive in character, and the proceeding is to vindicate the authority of the law and the court as an organ of society.

In the *Daugherty* case, supra, the defendant was convicted in the trial court for violation of an injunction which was very similar to the one at bar as it prohibited the defendant from selling intoxicating liquors and from being a public nuisance. This Court, after discussing

the difference between civil and criminal contempts, held that it was a quasi criminal case and that the defendant below was presumed to be innocent and must be proved guilty beyond a reasonable doubt.

Since that date the *Daugherty* case has been expressly approved in a number of other cases, including *Nashville Corp. v. United Steelworkers of America,* 187 Tenn. 444, 215 S.W.2d 818 (1948); *Robinson v. Air Draulics Engineering Co.,* 214 Tenn. 30, 377 S.W.2d 908 (1964); *Gunn v. Southern Bell Telephone & Telegraph Co.,* 201 Tenn. 38, 296 S.W.2d 843 (1956).

In the *Gunn* case, supra, it is said that in any proceedings which are regarded as criminal in nature, the defendant's guilt must be established beyond a reasonable doubt and mere preponderance of evidence is insufficient.

It appears to us as well as to the Attorney General that the trial judge inadvertently considered this to be a civil contempt and applied the rule that the defendant was not presumed to be innocent and did not have to be proved guilty beyond a reasonable doubt.

In other words, he held that the defendant had to be proved guilty by preponderance of the evidence only. Because of this inadvertent position, we find it necessary to reverse and remand this case because there is serious doubt in this record that the guilt of the plaintiff in error was established beyond a reasonable doubt.

Reversed and remanded.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.