J. C. STRUNK et al., Appellants,

v.

LEWIS COAL COMPANY, Appellee.

Court of Criminal Appeals of Tennessee.

Sept. 2, 1976.

W. P. Dougherty, Bernstein, Dougherty & Susano, Knoxville, for appellants.

Don C. Stansberry, Jr., Baker, Worthington, Crossley & Stansberry, Huntsville, for appellee.

## OPINION

DAUGHTREY, Judge.

This appeal results from the alleged violation of an injunction issued in a Morgan County labor dispute and prohibiting the defendants and others from engaging in violence and mass picketing against the plaintiff coal company. At the conclusion of the contempt hearing, the Chancellor found the defendants guilty by a preponderance of the evidence, and sentenced all but Russell to ten days in jail and fined them each $50.00. Russell was found guilty of multiple acts of contempt, sentenced to twenty days in the county jail, and fined $100.00. The Chancellor suspended one-half the jail term as to each defendant.

■■ There is only one issue raised on appeal: whether the Chancellor applied the appropriate standard of proof in making his determination of the defendants' guilt. The resolution of the substantive question seems clear. There can be little doubt that the alleged contempt was criminal rather than civil in nature, regardless of the fact that the original proceeding was brought in a court of equity. This conclusion is inescapable from a reading of *State ex rel.*

*Anderson v. Daugherty*, 137 Tenn. 125, 191 S.W. 974 (1917), and the cases which have followed it. *See, e.g., Nashville Corporation v. United Steelworkers of America*, 187 Tenn. 444, 215 S.W.2d 818, 821 (1948); *see also Gunn v. Southern Bell Tel. & Tel. Co.*, 201 Tenn. 38, 296 S.W.2d 843 (1956). Once it has been determined that the contempt is criminal in nature, the law requires that the defendants' guilt be established beyond a reasonable doubt. *State ex rel. Anderson v. Daugherty*, supra; *Nashville Corp. v. United Steelworkers of America*, supra; *Gunn v. Southern Bell Tel. & Tel. Co.*, supra; *Robinson v. Air Draulics Engineering Co.*, 214 Tenn. 30, 377 S.W.2d 908 (1964). Here the Chancellor correctly recognized the criminal nature of the proceeding, but he explicitly invoked the wrong standard of proof. Thus, the appellants were denied due process of law guaranteed under both the state and federal constitutions and their assignment of error must be sustained.

■■ This result follows despite the appellee's insistence that the evidence of the defendants' guilt in this case is so overwhelming that they must stand convicted even under the higher standard of proof, and that the Chancellor's error was therefore harmless under T.C.A. §§ 27–116 and 27–117. With this contention we are unable to agree. In the first place, a re-evaluation of the record by this Court utilizing the correct standard of proof would amount to a de novo review of the evidence at trial, a procedure available to the Court of Appeals under the provisions of T.C.A. § 27–303, but by implication *not* available to the Court of Criminal Appeals. We think that we are properly limited to a review of the sufficiency of the evidence on a preponderance basis only. The trier-of-fact is in a much better position than we are to determine such questions as witness credibility, which in a criminal proceeding involving potential loss of freedom may be crucial to the outcome of the case. In any event, we would be reluctant to hold that a constitutional error of this magnitude could ever be "harmless."

More importantly, and in fact dispositive of the issue of what relief is to be granted in this case, is the Tennessee Supreme Court's ruling in *Shiflet v. State*, 217 Tenn. 690, 400 S.W.2d 542 (1966). There the Court held that the trial judge's error in applying the preponderance standard required reversal and a remand to the lower court.* We think the same relief is mandated here.

Unfortunately for our purposes, the *Shiflet* opinion does not indicate what course of action the Supreme Court thought should be taken by the trial judge upon remand. We conclude that a trial de novo at this stage of the proceedings would be little availing, and that a redetermination of guilt or innocence from the existing record by the Chancellor who heard the case origi-

nally, using the correct standard of proof, will afford the defendants adequate protection of their right to a fair trial. In the event that the Chancellor again finds the defendants guilty, his order will of course be subject to review by this Court.

The judgment of the Chancery Court is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

DWYER and O'BRIEN, JJ., concur.

---

\* The *Shiflet* court ordered a remand "because there is serious doubt in this record that the guilt of the plaintiff in error was established beyond a reasonable doubt." 400 S.W.2d at 544. We do not interpret this as a redetermination by the reviewing court of the sufficiency of the evidence below; taken with the remand order it is more likely an expression of reluctance to "second-guess" the trier-of-fact. The record before us would make such a task difficult, if not impossible, were we to decide to attempt it. In announcing his ruling the Chancellor said:

> The Court is a little bit perplexed, frankly, about what occurred on March 12th. The Court can conceive that it might be, it just

might be possible that 50 or 60 people, some of whom had masks on, come into a strike situation from somewhere and take over. The Court can see that that might be possible, but . . . it's not at all likely that it happened . . . and so the Court, in light of reason, is forced to the conclusion, in light of the other testimony, that certain of the defendants were involved in some of the acts of violence which occurred.

As did the court in *Shiflet*, we conclude from the Chancellor's statement that there is room for "serious doubt" as to the guilt of these defendants when judged by the correct evidentiary standard. But we expressly leave that determination to the trier-of-fact.