IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 5, 2001 Session

## KEITH PFISTER v. TAMMY SEARLE (MORETTI);
## IN RE: A. S., A MINOR

**Appeal from the Juvenile Court for Williamson County**
**No. 21110     Lonnie Hoover, Judge**

---

**No. M2000-01921-COA-R3-JV - Filed March 28, 2001**

---

The appellant appeals from the trial court's judgment finding her in criminal and civil contempt for violation of an order establishing visitation for the father of her child.  Because the appellant was not provided the notice required for criminal contempt, we vacate that holding; because the appellant complied with the court's order to produce her child, thereby purging her civil contempt, that judgment is now moot, and we decline to address it.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court**
**Affirmed in Part, Vacated in Part, and Remanded**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., and WILLIAM B. CAIN, JJ., joined.

Sandra Jones, Nashville, Tennessee, for the appellant, Tammy Searle Moretti.

P. Edward Schell, Franklin, Tennessee, for the appellee, Keith Pfister.

### OPINION

This appeal involves issues of civil and criminal contempt arising from alleged violations of a child visitation order.  The parties, never married to each other,  are parents of a daughter born in 1996.  Since the parents' breakup, they have been involved in protracted and bitter disputes over their child.  The mother was awarded custody in February of 1998, and visitation was awarded to the father.

The mother married, and she and her husband obtained court approval to relocate to California with the child in June 1999.[1] As part of that relocation order, the trial court modified a prior visitation order and fashioned a visitation schedule which gave the father five days per month, four consecutive weeks in the summer, one week at Christmas, and alternating holidays with the child. The mother was to provide transportation and a chaperone for the travel to Tennessee, and the father was to provide the same when the child returned to California. If the father chose to visit the child in California, he was to cover his own travel expenses. With regard to the monthly visitation, the order provided, "The father shall give the mother notice of his next visit in writing no later than the day that each monthly visitation end."

Less than full cooperation, difficult communications, a series of changed plans and misunderstandings ensued, resulting in the father filing a petition for contempt in January of 2000, which also sought to modify visitation. He alleged the mother had interfered with his visits and refused to provide him with the address and telephone number of the child's residence. He amended his petition in March, 2000, and asked for custody of the child. The hearing was held March 9, 2000, and the final order was entered March 16. All parties agreed that the father had neither visited nor spoken to his daughter between a visit on August 1999, and the hearing in March 2000. They disagreed on the cause.

Because the issues before this court are resolved without regard to preponderance of the evidence questions, we need not detail the specifics of the testimony regarding the six months of visitation missed by the father. As might be expected, the parties sharply disagreed on their interpretation of events. Nonetheless, it is clear that the mother unilaterally established certain requirements for the visits and did not provide the father a telephone number where he could reach his child. His last request to visit was delivered by a letter from his attorney asking for visitation between February 9, the date of the letter, and March 9, the date of the hearing which the mother was to attend. The mother did not respond to this request and did not bring the child with her to Tennessee.

The trial court found that the father had done all he could to visit the child, and that the mother had done all she could to prevent the visits and to alienate the child. The court then found the mother in criminal contempt of court for each visit the father missed and sentenced her to sixty days in jail. The court stayed the sentence "for so long as Mrs. Moretti complies with the Orders of this Court. In the event Mrs. Moretti fails to comply with the Orders of this Court the stay of the sentence will be lifted and she will be required to serve the sentence in full."

The court further found the mother to be in civil contempt, and ordered her jailed until she had the child delivered to the Williamson County Criminal Justice Center. The court altered the visitation schedule, so that the father had substantially longer, but less frequent, visits with the child.

---

[1] *See Searle v. Pfister*, No. M2000-00731-COA-R3-CV, 2000 WL 1862841 at *1 (Tenn. Ct. App. Dec. 21, 2000) (no Tenn. R. App. P. 11 application filed).

The court also ordered each party to "keep the other party advised at all times of their respective addresses, telephone number, fax numbers, and e-mail addresses."

I.

The mother challenges the findings of criminal and civil contempt. In *Ahern v. Ahern*, 15 S.W.3d 73 (Tenn. 2000), our Supreme Court explained the basis for a court's exercise of its contempt powers and distinguished between the two types:

> An act of contempt is a wilful or intentional act that offends the court and its administration of justice. Tenn. Code Ann. § 29-9-102; *see Graham v. Williamson*, 128 Tenn. 720, 164 S.W. 781, 782 (1914). Traditionally, contempt has been classified as civil or criminal depending upon the action taken by the court to address the contempt. Title 29 Chapter 9 of the Tennessee Code on Remedies and Special Proceedings provides the grounds for contempt and the remedies available to the court. Tenn. Code Ann. §§ 29-9-102-104. Tennessee Code Annotated § 29-9-102 provides:
>
>> The power of the several courts to issue attachments, and inflict punishments for contempts of court, shall not be construed to extend to any except the following cases:
>>
>> * * *
>>
>> (3) The willful disobedience or resistance of any officer of the said courts, party, juror, witness, or any other person, to any lawful writ, process, order, rule, decree, or command of said courts.[2]
>>
>> * * *
>
> After a finding of contempt, courts have several remedies available depending upon the facts of the case. A court can imprison an individual to compel performance of a court order. This is typically referred to as "civil contempt." This remedy is available only when the individual has the ability to comply with the order at the time of the contempt hearing. Tenn. Code Ann. § 29-9-104; *see also Garrett v. Forest Lawn Memorial Gardens*, 588 S.W.2d 309, 315 (Tenn. Ct. App. 1979). Thus, with civil contempt, the one in contempt has the "keys to the jail" and can purge the contempt by complying with the court's order. Tenn. Code Ann. § 29-9-104; *Garrett*, 588 S.W.2d at 315. In civil contempt, the imprisonment is meted out for the

---

[2]The court also noted, in addition, that "Tennessee Code Annotated § 29-9-104 provides . . . (a)If the contempt consists in an omission to perform an act which it is yet in the power of the person to perform, he may be imprisoned until he performs it." *Ahern*, 15 S.W.3d at 78 n. 7.

benefit of a party litigant. *See Shiflet v. State*, 217 Tenn. 690, 693, 400 S.W.2d 542, 543 (1966).

A court can also imprison and/or fine an individual simply as punishment for the contempt. This remedy is commonly referred to as "criminal contempt." Unless otherwise provided, the circuit, chancery, and appellate courts are limited to imposing a fine of $50.00 and to imprisoning an individual for not more than ten days. Tenn. Code Ann. § 29-9-103. A party who is in criminal contempt cannot be freed by eventual compliance. *See Shiflet*, 217 Tenn. at 693, 400 S.W.2d at 543.

*Ahern*, 15 S.W.3d at 78-79.

## II.

On appeal, the mother first challenges the court's holding finding her in criminal contempt. She argues that she was never given notice that she was charged with criminal contempt or was subject to punishment for criminal contempt. Specifically, she asserts that the Petition and Amended Petition for contempt failed to meet the notice requirements imposed by the due process clauses of the United States and Tennessee Constitutions and Tenn. R. Crim. P. 42.

If the alleged contempt is criminal in nature, the party is entitled to all the constitutional protections of any criminal defendant, including the presumption of innocence; the "beyond a reasonable doubt" standard of proof, the protection against self-incrimination, and notice. *Storey v. Storey*, 835 S.W.2d, 593, 599 (Tenn. Ct. App. 1992). We have addressed the notice requirements previously:

> With regard to notice, the United States Supreme Court stated in *Gompers*[3] that
>
>> manifestly every citizen, however unlearned in the law, by mere inspection of the papers in contempt proceedings ought to be able to see whether it was instituted for private litigation or for public prosecution, whether it sought to benefit the complainant or vindicate the court's authority. He should not be left in doubt as to whether relief or punishment was the object in view. He is not only entitled to be informed of the nature of the charge against him, but to know that it is a charge and not a suit.
>
> *Id.* at 446, 31 S.Ct. at 500, 55 L.Ed. at 807-08.
>
> In addition, Rule 42(b) of the Tennessee Rules of Criminal Procedure requires that a criminal contempt be prosecuted on notice, which "shall state the time and place

---

[3]*Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 31 S.Ct. 492, 55 Led 797 (1911).

of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and *describe it as such*." Tenn. R. Crim. Proc. 42(b) (emphasis added).

*Storey*, 835 S.W.2d at 599-600.

The father agrees that the petition did not comply with the notice requirements applicable to a charge of criminal contempt because, among other things, it did not provide notice that the father was seeking sanctions for criminal contempt. We agree that the notice was insufficient to sustain a conviction of criminal contempt. Accordingly, we vacate the judgment of criminal contempt.

III.

Ms. Moretti was also ordered to be held in jail until she produced the child, who was in California, for visitation with the father. Because Ms. Moretti had the "keys to jail" and could be released upon compliance, this action by the trial court was enforcement of its orders through civil contempt.

With regard to its determination that this action was necessary to gain compliance with its visitation orders, the court stated:

> In addition to that, I find that she is in ongoing contempt by not allowing this man to visit with the child, and I'm going to order that she be jailed immediately and held in detention–held in the jail until she produces the child. Once the child is produced, I'm going to allow Mr. Pfister to have 15 days with the child. Then Mr. Pfister will return the child to California.

With regard to the civil contempt finding, the mother asserts that the evidence does not support a conclusion that she willfully violated the visitation order and claims that the father was equally at fault and that the visitation order was confusing and difficult to apply in actual situations. The father argues that the trial court's factual findings are supported by the evidence and that the civil contempt finding is moot since the mother was released when the child was brought to Tennessee the next day.

We agree with the father that the issue of the mother's civil contempt is now moot. She was incarcerated until she produced the child for visitation with the father. She apparently did so the next day. Therefore, the mother has complied with the court's order she now seeks to have us vacate. The record includes no request for relief from the incarceration for civil contempt during the period of incarceration. Because the mother has chosen to purge herself of the contempt and to comply with the court's condition for release, there is no relief this court can now provide her. "[A] case will be considered moot if it no longer serves as a means to provide some sort of relief to the prevailing party." *Ford Consumer Finance Co., Inc. v. Clay,* 984 S.W.2d 615, 616 (Tenn. Ct. App. 1998) The

validity of the trial court's order finding her in civil contempt is moot.  Accordingly, we will not address it.

IV.

Therefore, we vacate the judgment of criminal contempt and decline to address the order finding Ms. Moretti in civil contempt.  Costs are taxed equally to the parties for which execution may issue if necessary.  This cause is remanded to the trial court for such further proceedings as may be necessary.

_____
PATRICIA J. COTTRELL, JUDGE