IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 10, 2005

## IN RE:   R. D. F. and D. L. F.

**Appeal from the Juvenile Court for Rutherford County**
**No. TC424      Donna Scott, Judge**

———————————

**No. M2003-02798-COA-R3-JV - Filed February 10, 2005**

———————————

The attorney for the petitioner was held in contempt for failing to appear as ordered and failing to advise the Juvenile Court of a Chancery action.  We hold the evidence does not support a finding of criminal contempt.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Reversed**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which WILLIAM B. CAIN and FRANK G. CLEMENT, JR., JJ., joined.

Clark Lee Shaw, Nashville, Tennessee, for appellant, Neil Flit.

Frank M. Fly and Aaron S. Guin, Murfreesboro, Tennessee, attorneys for appellee, Sherryl Fallon.

### OPINION

Attorney Neil Flit represented the Petitioner Roger Fallon, father of the two children whose custody and welfare was central to the Juvenile Court of Rutherford County.  He filed a "Petition for Custody with Request for Emergency Removal" on July 29, 2003 which was acted upon with dispatch, with a hearing being scheduled for August 1, 2003 at 2:00 p.m.  A notice of voluntary non-suit was attempted to be faxed by Attorney Flit to the Clerk on August 1, 2003 at 9:21 a.m., preceded by a message from Mr. Flit's assistant that the petition would not be heard.

A judicial assistant, acting as directed by the Juvenile Court Judge, advised Attorney Flit's assistant that the voluntary non-suit was not properly filed, and that Attorney Flit "needed to be at his 2:00 p.m. meeting."  This surrogated instruction apparently did not impress, resulting in the Judge advising Attorney Flit's assistant that Attorney Flit's presence was required at 2:00 p.m.

He did not appear and was held in contempt and fined $50.00 "to be payable to his favorite charity" on or before August 4, 2000.

Preluding all of the foregoing was a matter involving the original petition filed by Mr. Flit in the Juvenile Court alleging that the children were dependant and neglected owing to their mother's drug use, and should be *immediately removed* from the custody of their mother.[1] In the original petition, according to a finding made by the Juvenile Court, "there was no proper language . . . that there were any other proceedings in any other Court involving these minor children," when, in fact, there was an "on-going" divorce action in the Chancery Court.

The Juvenile Court found that Attorney Flit attempted to mislead the Juvenile Court by his failure to reveal the Chancery divorce action, and that he filed "within 45 minutes of each other an action in both courts, attempting the same result" without notice and service. He was again found in contempt and fined $50.00 "payable to his favorite charity."

Attorney Flit appeals, insisting that the court erred in finding him guilty of criminal contempt. Our review is *de novo* on the record accompanied by the presumption that the finding is correct unless the evidence preponderates against the judgment.

## Discussion

The meager record consists of an extensive colloquy between the Judge, Attorney Flit, and Attorney Young, who represented the mother of the children. The colloquy does not reveal, with clarity, the reason why the voluntary non-suit was allegedly not properly filed, but it is clear that the Judge was aware of the fact that the Petition for Custody and Request for Emergency Removal would not be tried as apparently scheduled. Attorney Flit, acting upon his belief that he had non-suited the petition, did not appear as ordered, and for his non-appearance he was held in criminal contempt. Attorney Flit's officer manager, Elizabeth White deposed by affidavit that she faxed a voluntary non-suit together with a cover letter to the office of the Juvenile Judge, and followed by calling the Judge's secretary who acknowledged receipt of the facsimile non-suit. We deduce that the trial judge knew the petition would not be heard as scheduled but was offended by the procedure employed by attorney Flit.

Any court in Tennessee may punish for contempt, but the power to do so is limited by law. Tenn. Code Ann. § 29-9-102 defines the power:

> 29-9-102. Scope of power. – The power of the several courts to issue attachments, and inflict punishments for contempts of court, shall not be construed to extend to any except the following cases:
> (1) The willful misbehavior of any person in the presence of the court, or so near thereto as to obstruct the administration of justice;

---

[1] It is not clear why a second petition was filed seeking the same relief.

(2) The willful misbehavior of any of the officers of such courts, in their official transactions;

(3) The willful disobedience or resistance of any officer of the such courts, party, juror, witness, or any other person, to any lawful writ, process, order, rule, decree, or command of such courts;

(4) Abuse of, or unlawful interference with, the process or proceedings of the court;

(5) Willfully conversing with jurors in relation to the merits of the cause in the trial of which they are engaged, or otherwise tampering with them; or

(6) Any other act or omission declared a contempt by law.

None of these categories encompasses the actions of attorney Flit, except perhaps Number (3), disobedience of a lawful command of the court, and this is tenuous at best since attorney Flit's *assistant* was "advised that Mr. Neil Flit's presence was required at 2:00 p.m." In any event attorney Flit believed that the non-suit dispensed with the necessity of his presence.

The original petition did not reveal that the petitioner had filed a complaint for divorce in the Chancery Court wherein he sought the custody of the children. However pejorative this action was, it cannot, from this meager record, be labeled as criminal contempt.

The standard of proof required that attorney Filt's guilt be established beyond a reasonable doubt since he was held in criminal contempt. The judgment merely finds him in contempt of court, with no elucidation, but it is clear that a finding of criminal contempt was intended, and the evidence does not satisfy the required standard. *See, **Strunk v. Lewis Coal Co.**,* 547 S.W.2d 252 (Tenn. Crim App. 1976).

The judgment adjudicating contempt is reversed, with costs assessed to the appellee.

_____
WILLIAM H. INMAN, SENIOR JUDGE