# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
August 23, 2011 Session

## CORIN MUCHA WILKINSON v. THOMAS GREGG WILKINSON

**Appeal from the Circuit Court for Davidson County**
**No. 08D-2770      Carol Soloman, Judge**

_____

**No. M2010-00026-COA-R3-CV - Filed November 29, 2011**

_____

Corin Mucha Wilkinson ("Wife") filed a petition for criminal contempt in the Circuit Court for Davidson County ("the Trial Court") against Thomas Gregg Wilkinson ("Husband"). Wife and Husband were in the midst of a divorce. Wife, in her petition for contempt, alleged that Husband had willfully failed to pay his monthly pendente lite support as ordered. The Trial Court found Husband guilty of two counts of criminal contempt. Husband appeals. We affirm the judgment of the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and JOHN W. MCCLARTY, J., joined.

James L. Weatherly, Jr., Nashville, Tennessee, for the appellant, Thomas Gregg Wilkinson.

Grant C. Glassford, Brentwood, Tennessee, for the appellee, Corin Mucha Wilkinson.

# OPINION

## Background

Wife filed for divorce in October 2008. In December 2008, the Trial Court ordered Husband to pay Wife $5,400 per month in interim support. This support was confirmed by order of the Trial Court in January 2009. In June 2009, Wife filed a petition for criminal contempt against Husband alleging that Husband had failed to make the required payment for May 2009. In September 2009, Wife filed an amended petition for criminal contempt alleging that she also had not received the required support payments for the period of June through September 2009.

A hearing on Wife's petitions was held in November 2009. The record contains no transcript from the contempt hearing. Rather, the Trial Court later adopted a Statement of Evidence submitted by Wife. The Statement of Evidence states, in relevant part:

> On November 4, 2009, the parties appeared before the Court upon Plaintiff's *Petition for Contempt*, filed June 17, 2009 and her *Amended Petition for Criminal Contempt,* filed September 11, 2009. The Plaintiff was represented by Grant C. Glassford and the Defendant was represented by James H. Drescher. The Defendant was advised of his constitutional rights and waived his right to trial by jury. The court heard testimony from three (3) witnesses: Plaintiff Corin Wilkinson, Mr. Doug Brown (called as a defense witness) and the Defendant, Mr. Thomas Gregg Wilkinson.
>
> * * *
>
> Ms. Wilkinson testified that she had received $4,800 from the Defendant for her May 2009 payment. That was the last payment that she received and no support payments were made by the Defendant in the months of June, July, August, September, October or November of 2009. The Defendant called Mr. Douglas J. Brown as a witness. Mr. Brown is an attorney in Nashville, Tennessee and was a shareholder in Birmingham Enterprises, Inc. Mr. Brown is a friend of the Defendant and entered into a business relationship with him. The Defendant had a consulting agreement with Birmingham Enterprises that began in early 2008. Birmingham paid the Defendant $8,500 per month for his consulting services.
>
> In July of 2009, Mr. Russell Birmingham, one of the co-owners of

Birmingham Enterprises died. Previously, on July 14, 2009, Mr. Birmingham wrote the Defendant a letter advising him that the consulting agreement that Birmingham had with the Defendant would terminate July 22, 2009. Mr. Brown testified that the Defendant was paid $8,500 through June of 2009.

Mr. Brown testified that the Defendant was a good salesman and that he continued to perform services for the company even after he was advised that the consulting agreement was terminated.

After being advised on his 5th Amendment rights and executing a waiver, the Defendant testified on his own behalf. The Defendant testified that he was living in Florida in an apartment with several other people. He testified that he was healthy, but had no job and no car. He admitted that the last support payment made to Plaintiff was for his May of 2009 payment and that he paid her $4,800 and not the $5,400 that had been ordered. He admitted that he did not pay Mr. [sic] Wilkinson any support in June, July, August, September, October or November of 2009.

The Defendant admitted that he had been paid $8,500 from Birmingham Enterprises in May of 2009. The proof was that the monthly payments made by Birmingham were made paid to Defendant in advance. The Defendant's testimony was not consistent with Mr. Brown's testimony with regard to when his last payment was received from Birmingham Enterprises and, based upon the testimony of the witnesses, the Court found that the defendant had the ability to pay Plaintiff the court ordered support in May of 2009 and in June of 2009.

The Defendant testified that he had tried to obtain employment to replace the job that he lost with Birmingham Enterprises, but that he not [sic] been successful. He testified that he had several job prospects lined up and plan[n]ed to interview with potential employers in early January 2010.

Following the trial, the Trial Court entered an order finding Husband guilty of two counts of criminal contempt. The Trial Court stated in its order:

This cause having come before the Court on the 4th day of November, 2009 upon Corin Wilkinson's *Petition for Contempt* and *Amended Petition for Criminal Contempt.* Both parties were present in Court and represented by counsel. Mr. Wilkinson was advised of his Fifth Amendment Constitutional Rights and executed a *Waiver* and elected to testify in his defense.

After consideration of all the evidence presented, the Court finds that Mrs. Wilkinson met her burden of proof, beyond a reasonable doubt, to show that Mr. Wilkinson was guilty of two acts of criminal contempt. Specifically, Mr. Wilkinson failed to pay the full amount of the Court ordered support of $5,400 in May 2009. He [sic] Wilkinson only paid $4,800 although he had the ability to pay $5,400. He is guilty of willful criminal contempt.

Mr. Wilkinson failed to pay $5,400 in June 2009 although he had the ability to pay. He is guilty of willful criminal contempt.

Accordingly, it is the ORDER of the Court that Mr. Wilkinson is guilty on each count and is sentenced to ten (10) days for each count, day for day, at 100%. The sentences are to run consecutive to each other for a total sentence of twenty (20) days, day for day, at 100%.

It is further the ORDER of the Court that the imposition of these two sentences will be stayed for forty-five (45) days and that Mr. Wilkinson is to begin serving his sentences on January 6, 2010.

It is further the ORDER of the Court that Mrs. Wilkinson failed to meet her burden of proof that Mr. Wilkinson had the ability to pay the court ordered support for the months of July 2009, August 2009, September 2009, October 2009, and November 2009, and those alleged acts of criminal contempt are dismissed.

The Court finds that Ms. Wilkinson incurred legal fees to prosecute the contempt and as she is in need of support, it is the ORDER of the Court, based on the affidavit of Grant C. Glassford, Attorney at Law, that as Ms. Wilkinson is a [sic] awarded a judgment against Mr. Wilkinson for her legal fees of $2,153.50.

It is further the ORDER of the Court that Ms. Wilkinson is awarded an additional judgment against Mr. Wilkinson for $6,000 representing the $600 he failed to pay in May, 2009 and the $5,400 that he failed to pay in June, 2009.

It is further the ORDER of the Court that costs shall be taxed to Mr. Wilkinson.

Husband subsequently filed Defendant's Motion for a New Trial or, in the Alternative,

-4-

Motion to Alter or Amend. The Trial Court denied Husband's motion in December 2009.

Husband filed a motion to correct, modify, and supplement the record. In January 2011, following a hearing, the Trial Court supplemented the record in this case with the affidavit of Doug Brown. The Trial Court accepted the affidavit of James Drescher, but, only as an offer of proof. Husband appeals.

## **Discussion**

Though not stated exactly as such, Husband raises two issues on appeal: 1) whether the Trial Court erred in finding Husband guilty of willful criminal contempt; and 2) whether the Trial Court erred in awarding Wife a judgment for support for the months of May and June 2009 and attorney's fees and costs. Though not stated exactly as such, Wife raises the additional issue of whether Husband cites and relies in his brief on materials not contained in the record pursuant to the Tennessee Rules of Appellate Procedure.

We first address whether the Trial Court erred in finding Husband guilty of willful criminal contempt. We have previously discussed the standard of review in criminal contempt cases:

> Trial courts are authorized to enforce compliance with a valid order of support through the exercise of their contempt powers. Tenn. Code Ann. § 36-5-104. The courts have long been recognized to possess the inherent and necessary power to punish for contempt. *Ahern v. Ahern*, 15 S.W.3d 73, 82 (Tenn. 2000); *Black v. Blount*, 938 S.W.2d 394, 397 (Tenn. 1996). By statute, our courts may impose contempt sanctions for "[t]he willful disobedience or resistance ... to any lawful writ, process, order, rule, decree, or command." Tenn. Code Ann. § 29-9-102(3).

> Because of the punitive purpose of proceedings for criminal, as distinguished from civil, contempt, *see Black v. Blount,* 938 S.W.2d at 398, such proceedings are considered quasi-criminal and require the courts to accord defendants many of the constitutional rights that are ordinarily afforded to criminal defendants. *Strunk v. Lewis Coal Corp.*, 547 S.W.2d 252, 254 (Tenn. Crim. App. 1976) (citing *Shiflet v. State*, 400 S.W.2d 542, 544 (Tenn. 1966)). Under Rule 42(b) of the Tennessee Rules of Criminal Procedure, a party accused of an act of criminal contempt (other than an act committed in the presence of the court) is entitled to proper notice and a hearing on the charges against him.

As Tenn. Code Ann. § 29-9-102(3) indicates, in order to find contempt the court must find the disobedience to the court's order to be willful. *Ahern*, 15 S.W.3d at 79. In the context of a child support case, criminal contempt may not be imposed upon an obligor if he or she was unable to pay the court-ordered support. Guilt in criminal contempt cases, including the willful nature of the act, must be proved beyond a reasonable doubt. *Black v. Blount*, 938 S.W.2d at 398; *Shiflet v. State*, 400 S.W.2d at 544; *Bailey v. Crumb*, 183 S.W.3d 383, 389-90 (Tenn. Ct. App. 2005); *Strunk v. Lewis Coal Co.*, 547 S.W.2d at 253.

On appeal, individuals convicted of criminal contempt lose their presumption of innocence and must overcome the presumption of guilt. Therefore, "[a]ppellate courts do not review the evidence in a light favorable to the accused and will reverse criminal contempt convictions only when the evidence is insufficient to support the trier-of-fact's finding of contempt beyond a reasonable doubt." *Moody v. Hutchison,* 159 S.W.3d 15, 25 (Tenn. Ct. App. 2004). *See also* Tenn. R. App. P. 13(e); *Thigpen v. Thigpen*, 874 S.W.2d 51, 53 (Tenn. Ct. App. 1993). Appellate courts review a trial court's decision of whether to impose contempt sanctions using the more relaxed abuse of discretion standard of review. *Hawk v. Hawk*, 855 S.W.2d 573, 583 (Tenn. 1993); *Freeman v. Freeman*, 147 S.W.3d 234, 242 (Tenn. Ct. App. 2003).

*Brooks v. Brooks*, No. M2007-00351-COA-R3-CV, 2009 WL 928283, at *8 (Tenn. Ct. App. April 6, 2009), *no appl. perm. appeal filed*. (internal footnote omitted)

Husband strongly argues that the Trial Court failed to take into account Husband's effort to deposit his full May 2009 pendente lite payment into the bank, as well as his inability to pay. We, however, are constrained by the Statement of Evidence. Notwithstanding the affidavits of Mr. Brown and Mr. Drescher, the Statement of Evidence contains sufficient evidence to support findings of willful criminal contempt beyond a reasonable doubt. Specifically, the Statement of Evidence reflects that Husband failed to make his required payments despite the ability to pay. We further emphasize that Husband, having been found guilty by the Trial Court, enjoys no presumption of innocence on appeal. We affirm the judgment of the Trial Court in finding Husband guilty of two counts of criminal contempt.

We next address whether the Trial Court erred in awarding a judgment for support for the months of May and June 2009 and attorney's fees and costs. "Courts have discretion to award fees in proceedings to enforce or defend custody and support orders

-6-

pursuant to Tenn. Code Ann. § 36-5-103(c); this authority extends to criminal contempt proceedings which involve custody or support." *Dhillon v. Dhillon*, No. M2009-02018-COA-R3-CV, 2010 WL 3025193, at \*8 (Tenn. Ct. App. August 2, 2010), *no appl perm. appeal filed* (citing *Clarkson v. Clarkson*, No. M2006-02239-COA-R3-CV, 2007 WL 3072772, at \*8, n. 2 (Tenn. Ct. App. Oct. 22, 2007), *no appl. perm. appeal filed*). In view of the record, we find no abuse of discretion in the Trial Court's award of attorney's fees and costs to Wife, nor do we find that the Trial Court erred in awarding Wife a judgment for support for the months of May and June, 2009.[1]

Wife's issue regarding materials that Husband relies on in this appeal is pretermitted by our decision resolving the issues raised by Husband.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellant, Thomas Gregg Wilkinson, and his surety, if any.

_____
D. MICHAEL SWINEY, JUDGE

---

[1] In a contemporaneous appeal of the parties' actual divorce case, Husband also is obligated to pay Wife, as arrearages for missed pendente lite support, $600 for May of 2009 and $5,400 for June of 2009. Husband is not obliged to to make *any* duplicate payments for the same judgment in either appeal.