# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### March 21, 2012 Session

## TRACY ROSE BAKER v. STATE OF TENNESSEE

**Direct Appeal from the Chancery Court for Sumner County**
**No. 2011DM-168      David Earl Durham, Judge**

_____

**No. M2011-01381-CCA-R3-PC - Filed July 20, 2012**

_____

The Appellant, Tracy Rose Baker, appeals the post-conviction court's dismissal of her petition for post-conviction relief. The Appellant asserts that her guilty plea to criminal contempt charges is void due to constitutional infirmities stemming from the chancery court's failure to conduct an in-court guilty plea acceptance hearing at the time of her guilty plea. Because we conclude that the Post-Conviction Procedure Act is not applicable to the Petitioner's criminal contempt convictions, we affirm the post-conviction court's dismissal of the Appellant's petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ROGER A. PAGE, JJ., joined.

William Caldwell Hancock, Nashville, Tennessee, for the appellant, Tracy Rose Baker.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Ray Whitley, District Attorney General, for the appellee, the State of Tennessee.

## OPINION
### I. Facts

This case arises from a domestic dispute between a mother (herein "the Appellant") and father that was filed and heard in the Sumner County Chancery Court. The chancery court entered an agreed order that included a guilty plea by the Appellant to eighteen counts of criminal contempt with an agreed suspended 180-day jail sentence. In July 2010, the father filed a petition to revoke the Appellant's probation. Following a hearing, the trial court found the Appellant in violation of her probation and ordered her to serve 180 days in

jail. The Appellant filed an appeal to the Court of Appeals and subsequently filed a petition for post-conviction relief in the chancery court. The Court of Appeals recently issued its opinion in *Baker v. Baker*, No. M2010-01806-COA-R3-CV, 2012 WL 764918, at *1 (Tenn. Ct. App., at Nashville, March 9, 2012). The chancery court summarily denied the Appellant's petition for post-conviction relief, and she now appeals that judgment to this Court.

In her appeal to the Court of Appeals, the Appellant raised four issues: (1) that the chancery court erred when it denied her request for recusal; (2) that her ex-husband's attorney acted improperly as a "private prosecutor" in the contempt proceedings; (3) that her guilty plea to the contempt convictions was void due to the constitutionally infirm procedure; and (4) that her sentence was excessive. *Id.* The Court of Appeals found: (1) no error in the chancery court's denial of the Appellant's motion to recuse; (2) no improper conduct by the Appellant's ex-husband's attorney in pursuing contempt charges against the Appellant; and (3) after noting that post-conviction relief was not an issue before the Court of Appeals, the Appellant's collateral attack on the "Agreed Guilty Plea Order" must fail. The Court of Appeals determined that the Appellant's sentence of 180 days was excessive and reduced the sentence to thirty days. *Id.*

## II. Analysis

In this appeal, the Appellant challenges the post-conviction court's dismissal of her petition for post-conviction relief based upon its reasoning that a contempt finding in a civil action is not a "conviction" under the Post-Conviction Procedure Act. The State responds that the Appellant's case is not justiciable under the Post-Conviction Procedure Act. We agree with the State.

The Post-Conviction Procedure Act governs petitions for post-conviction relief. T.C.A. §§ 40-30-101 to -122 (2006). The Tennessee Code Annotated section 40-30-103 provides for post-conviction relief "when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." The Tennessee Supreme Court Rules supplement the Post-Conviction Procedure Act, defining a petition for post-conviction relief as "an application to the court, filed by or on behalf of a person convicted of and sentenced for *the commission of a criminal offense*, that seeks to have the conviction or the sentence set aside." Tenn. R. Sup. Ct. 28, § 2(A) (emphasis added).

Title 39 of the Tennessee Code Annotated contains the criminal code. Tennessee Code Annotated section 39-11-102(a) provides: "Conduct does not constitute an offense unless it is defined as an offense by statute, municipal ordinance, or rule authorized by and

2

lawfully adopted under a statute." This section, in effect, provides that conduct does not constitute an offense unless it is a crime or violation under the code. *See State v. Lathan*, 910 S.W.2d 892, 896 (Tenn. Crim. App. 1995) ("The language of the code is intended to be an authoritative statement of the law"). The general objectives of the criminal code are crime prevention, notice of prohibited conduct, and proportionate punishment. T.C.A. § 39-11-101 (2010).

"Criminal contempt convictions are punitive in character, and their primary purpose is to vindicate the court's authority." *Thigpen v. Thigpen*, 874 S.W.2d 51, 53 (Tenn. Ct. App. 1993). Criminal contempt is a concept that is "intended to preserve the power and vindicate the dignity and authority of the law[ ] and the court as an organ of society." *Black v. Blount*, 938 S.W.2d 394, 398 (Tenn. 1996). Contempt has often been described as *sui generis* because it is neither a purely civil action nor a criminal cause of action. *Bowdon v. Bowdon*, 278 S.W.2d 670, 672 (Tenn. 1955). Because of the punitive purpose of proceedings for criminal contempt, as distinguished from civil contempt, *see Black*, 938 S.W.2d at 398, such proceedings require the courts to accord defendants some of the constitutional rights that are ordinarily afforded to criminal defendants. *Strunk v. Lewis Coal Corp.*, 547 S.W.2d 252, 254 (Tenn. Crim. App. 1976) (citing *Shiflet v. State*, 400 S.W.2d 542, 544 (Tenn. 1966)). In *Ahern v. Ahern*, 15 S.W.3d 73, 82 (Tenn. 2000), our Supreme Court specifically noted, however, that a criminal contempt proceeding "does not involve the violation of a general criminal statute" in concluding that a party in a criminal contempt proceeding is not entitled to a jury trial.

In the case under submission, the Appellant was found in criminal contempt and sentenced for violating court orders to discontinue contact with her ex-husband. The Appellant's conduct does not constitute a criminal offense as defined by the legislature in Title 39, rather, it is a violation against the chancery court's authority in administering orderly domestic proceedings found in Title 29, Chapter 9. The Post-Conviction Procedure Act applies only to constitutional claims arising from a conviction for a criminal offense. Therefore, we conclude that the Post-Conviction Procedure Act is not applicable to the Petitioner's criminal contempt convictions.

The Appellant raises additional issues related to her request for the chancery court judge's recusal and the propriety of her ex-husband's divorce attorney seeking contempt charges against the Appellant. Because these issues were resolved by the Court of Appeals, *See* Baker, 2012 WL 764918, we decline to address the issues here.

### III. Conclusion

Based on the foregoing authorities and reasoning, we affirm the chancery court's

summary dismissal of the Appellant's post-conviction relief petition.

_____
ROBERT W. WEDEMEYER, JUDGE