Dennis FISHER, Petitioner,

v.

CROMWELL COMPANY, INC., Respondent.

Supreme Court of Tennessee.

May 31, 1977.

Lewis F. Clark, Humboldt, for petitioner.

Howard M. Taradash, Nashville, for respondent.

## OPINION

FONES, Justice.

Upon further consideration of this case, following our grant of certiorari and oral argument, we are of the opinion that the judgment of the Court of Appeals is correct and should be affirmed.

■ However, we think it appropriate to observe that had the letter of the general sessions judge been made a part of the record and available for consideration by the appellate courts the result would be the same. No authority exists to grant an untimely appeal, and therefore the letter in support thereof was irrelevant.

■ The only remedy available, after the time for appealing from the general sessions court to the circuit court has expired, is by certiorari in lieu of appeal. See Caruthers, *History of a Lawsuit*, 8th edition, §§ 522, 523.

Affirmed. Costs are adjudged against Dennis Fisher.

COOPER, C. J., and HENRY, J., concur.

BROCK and HARBISON, JJ., dissent (see separate opinion).

HARBISON, Justice, dissenting.

In this case the original plaintiff filed a motion to dismiss the appeal of the defendant from the general sessions court to the circuit court. This motion alleged that the appeal bond filed on behalf of the defendant was not timely under the provisions of T.C.A. § 27–509, which allows a ten-day period for taking an appeal from an adverse decision in the general sessions court.

To this motion the defendant filed a written response, raising issues of fact not appearing of record, and in effect contending that the judgment in the general sessions court was entered nunc pro tunc on a date later than that appearing of record. The defendant asserted that his appeal bond was filed within ten days from the date of the actual entry of the judgment in the general sessions court.

Rule 43.05 of the Tennessee Rules of Civil Procedure provides as follows:

"When a motion is based on facts not appearing of record, the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions."

In this case one of the regular circuit judges heard the motion and overruled it. His order recites that he considered the response to the motion. According to an

amendment to the bill of exceptions filed by plaintiff, when the case came on for trial before a special judge, the motion to dismiss was orally renewed. That judge, also, expressly found that the case was before him "upon timely appeal in accordance with the provisions of T.C.A. § 27–509 . . . ."

It seems to be undisputed that matters outside the record were considered by at least one of these trial judges, possibly by both. However, the plaintiff, who is assailing their findings that the appeal was timely, has not included in the record on appeal any documents or other evidence considered by the trial judges in deciding the factual issues raised by the motion and the response thereto.

In the absence of a proper bill of exceptions, containing all of the pertinent matters which were before the trial judges, in my opinion the Court should presume that there was sufficient evidence before them to sustain their respective findings that the appeal bond was in fact timely filed.

Since the plaintiff is, in effect, the party attacking these particular rulings, even though it did not assign them as error or perfect an appeal therefrom, it was incumbent upon plaintiff, not upon the defendant, to preserve a proper bill of exceptions, including all matters considered by the trial judges, and this simply has not been done.

In my opinion, this cause should be remanded to the Court of Appeals for consideration of the assignments of error of the defendant upon the merits of the case, which assignments are properly supported by a transcript of the evidence heard at the trial. Justice Brock concurs in this opinion.