IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 3, 2025 Session

**GULCH, LLC v. THOMAS ALEXANDER FORD**

**Appeal from the Circuit Court for Davidson County**
No. 24C1013  Lynne T. Ingram, Judge
_____

**No. M2024-01373-COA-R3-CV**
_____

A landlord filed a detainer action in general sessions court against a tenant, seeking possession of the property and unpaid rent. The tenant agreed to move out, and the rent obligation was later discharged by a third party. The tenant filed an appeal to circuit court, and the circuit court dismissed the case, finding that the tenant did not appeal within ten days of the general sessions court's judgment. The tenant appealed. On appeal, the tenant, appearing pro se, does not address the basis of the circuit court's dismissal of the case, an untimely appeal from general sessions court to circuit court. Because the tenant has not challenged the basis of the circuit court's ruling, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Case Dismissed**

JEFFREY USMAN, J., delivered the opinion of the court, in which W. NEAL MCBRAYER and KRISTI M. DAVIS, JJ., joined.

Thomas Alexander Ford, Mt. Juliet, Tennessee, pro se.

Trevor S. Baskin, Nashville, Tennessee, for the appellee, Gulch, LLC.

**OPINION**

I.

This case originated in a detainer action filed on November 29, 2023, in general sessions court by Gulch, LLC, (Gulch) against its tenant, Thomas Alexander Ford. The record shows that judgment was granted to Gulch for possession of the property on December 20, 2023, and the judgment reflects it was entered by "Agreement of parties." The judgment states, "Damages reserved for January 30, 2024."

The same day that the agreed order was entered, Mr. Ford filed a "Motion to Deny Judgment" in which he affirmed that he had agreed to move out by December 31: "We also came to an agreement to move out by the 31st and I will be out by 23rd and into a new complex who actually care about me." Mr. Ford nevertheless stated he wanted to "deny judgement in order to be heard on January 30th, 2024." He likewise filed a "Motion to Present Evidence Against Judgement" on the same day, stating he had evidence that he was constructively evicted. On January 4, 2024, the general sessions court denied "Defendant's motion" for failure to appear. Mr. Ford filed a motion to continue on January 21, 2024. The record contains no disposition of this motion, and there is nothing to show what, if anything, happened on January 30 regarding the issue of damages. On February 23, 2024, Mr. Ford filed a document stating that he had evidence that the apartment was improperly maintained by Gulch.

Mr. Ford filed an appeal to circuit court on April 19, 2024, indicating he was appealing a "counter-claim," even though no counter-claim had been filed in general sessions court, and Mr. Ford did not set forth a counter-claim. Gulch moved to dismiss, arguing that the order being appealed was the December 20, 2023 order granting Gulch possession and that the appeal was untimely. Mr. Ford opposed dismissal.

The circuit court held a hearing on June 21, 2024. By this time, Mr. Ford had moved out, and the Metro Action Commission[1] had satisfied Mr. Ford's outstanding rent obligation. The trial court noted that, during the hearing, Gulch "stated back rent was satisfied" and "argued that even if the General Sessions appeal moved forward, there is nothing left to be decided by the Court." The court orally granted the motion to dismiss based on the appeal to circuit court being filed outside the ten-day time permitted for appeals from general sessions court, and it directed Gulch to file a proposed order. Gulch failed to do so within seven days, as required by Local Rule 33.01.[2] Accordingly, Mr. Ford filed a "Motion to Dismiss with Prejudice" on July 15, noting that Gulch's proposed order was untimely. In a subsequent filing before the circuit court, Mr. Ford argued that his appeal to circuit court was "no longer untimely" because Gulch had missed the day to submit an order under the local rule.

The trial court held an additional hearing in August 2024. No transcripts have been provided. The circuit court, however, indicated in its statement of the evidence[3] that Mr.

---

[1] The trial court's order lists this entity as "Metro Arts Commission," but Mr. Ford identifies it as "Metro Action Commission."

[2] Under Rule 33.01 a., "[u]nless the court directs otherwise, attorneys for prevailing parties will prepare orders for entry by the court. All orders must be received by the clerk and served on opposing counsel within seven days following the day on which the ruling is made by the court."

[3] Mr. Ford filed a statement of the evidence, which the trial court found did not convey a fair, accurate, and complete account of the record. The court subsequently filed its own statement.

Ford "argued the case should be dismissed with prejudice because Appellee's counsel did not file their Proposed Order within the seven days as required by Local Rule 33.01" and "argued the case should be dismissed due to the lack of communication from counsel for Appellee." However, despite seeking dismissal, Mr. Ford simultaneously urged the court to hear the case on the merits and take evidence. The circuit court entered an order concluding that, regardless of counsel's failure to file the proposed order by the Local Rule 33.01 deadline, the circuit court had no jurisdiction over the case under Tennessee Code Annotated section 27-5-108 because the notice of appeal from general sessions court was filed more than ten days after the general sessions judgment. Mr. Ford appeals.

II.

Mr. Ford is proceeding pro se.[4] Pro se litigants "are entitled to fair and equal treatment by the courts." *Vandergriff v. ParkRidge E. Hosp.*, 482 S.W.3d 545, 551 (Tenn. Ct. App. 2015). Courts should be mindful that pro se litigants often lack any legal training, and many are unfamiliar with the justice system. *State v. Sprunger*, 458 S.W.3d 482, 491 (Tenn. 2015). Accordingly, courts should afford some degree of leeway in considering the briefing from a pro se litigant, *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003), and should consider the substance of the pro se litigant's filing. *Poursaied v. Tenn. Bd. of Nursing*, 643 S.W.3d 157, 165 (Tenn. Ct. App. 2021). Pro se litigants, however, may not "shift the burden of litigating their case to the courts." *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). Additionally, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Pro. Resp. of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010). In considering appeals from pro se litigants, the court cannot write the litigants' briefs for them, create arguments, or "dig through the record in an attempt to discover arguments or issues that [they] may have made had they been represented by counsel." *Murray v. Miracle*, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014). It is imperative that courts remain "mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

Here, the circuit court dismissed the case based on a failure to appeal within ten days of the general sessions court order. "Any party may appeal from a decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with this chapter." Tenn. Code Ann. § 27-5-108(a)(1). Without a timely appeal, the circuit court lacks jurisdiction over the case and may not address the claims presented. *Discover Bank v. McCullough*, No. M2006-01272-COA-R3-CV, 2008 WL 245976, at *5

---

[4] Pursuant to Mr. Ford's request, the case was remanded for the trial court to make an indigency finding. After considering Mr. Ford's financial circumstances, the trial court concluded he was not indigent. On appeal, Mr. Ford objects to what he perceives as Gulch opposing an indigency finding. Gulch's filings in the appellate record do not appear to take any position on Mr. Ford's indigency, and we note the court indicated that Gulch did not appear at the indigency hearing.

(Tenn. Ct. App. Jan. 29, 2008) ("[U]nless a party perfects its de novo appeal within ten days from the date of the judgment, the circuit court does not obtain jurisdiction over the appeal."); *see City of Jackson v. Bledsoe*, 830 S.W.2d 71, 72 (Tenn. Ct. App. 1991) ("A party must appeal from an adverse decision of the general sessions court within ten days of the date of entry of the general sessions court judgment."); *Fisher v. Cromwell Co.*, 556 S.W.2d 749, 749 (Tenn. 1977) ("No authority exists to grant an untimely appeal" from a general sessions judgment); *see also Jackson Energy Auth. v. Diamond*, 181 S.W.3d 735, 738-40 (Tenn. Ct. App. 2005).

However, a judgment appealed from general sessions court to circuit court must be final. Under Tennessee Code Annotated section 27-5-108, "there must have been a final judgment entered in the general sessions court, and an appeal under this statute cannot be had for the review of interlocutory orders." *Graham v. Walldorf Prop. Mgmt.*, No. E2008-00837-COA-R3-CV, 2009 WL 723837, at *5 (Tenn. Ct. App. Mar. 19, 2009) (quoting *State v. Osborne*, 712 S.W.2d 488, 491 (Tenn. Crim. App. 1986), and concluding that the involuntary dismissal of the plaintiff's 13 claims became final at the time that the general sessions court entered an order allowing a voluntary nonsuit of the 14th claim); *see U.S. Bank Nat. Ass'n v. Rzezutko*, No. E2011-00058-COA-R3-CV, 2011 WL 5051428, at *3 (Tenn. Ct. App. Oct. 25, 2011) (the circuit court had no jurisdiction over an interlocutory order from general sessions court); *Wells Fargo Bank, N.A. v. Dorris*, 556 S.W.3d 745, 753-54 (Tenn. Ct. App. 2017) (noting that "the same principle" of finality in regards to pending motions to alter or amend applies in general sessions appeals). "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). On the other hand, "an order that adjudicates fewer than all of the claims, rights, or liabilities of all the parties is not final . . . ." *Id.*

In this case, the circuit court found that the December 20, 2023 order — which reserved a ruling on damages for January 30, 2024 — was a final order and that any appeal had to be filed within ten days of the December 20, 2023 order. The record before this court fails to show what, if anything, happened on January 30, 2024, regarding the issue of damages. Mr. Ford did not appeal to the circuit court until April 19, 2024.

The trial court concluded that the general sessions court decision constituted a final order. We do not reach the issue of whether this ruling was correct, because Mr. Ford did not challenge the circuit court's finding that his appeal was filed outside the ten-day time period permitted to appeal a final order from a general sessions court. Nowhere in his brief does Mr. Ford argue that his appeal of the general sessions court's judgment to circuit court was timely, and he acknowledged at oral argument that he may have forgotten to include this issue in his brief. He attributed this deficiency to a lack of knowledge of the rule.

As noted above, this court cannot write the litigants' briefs for them, create

- 4 -

arguments, or "dig through the record in an attempt to discover arguments or issues that [they] may have made had they been represented by counsel." *Murray*, 457 S.W.3d at 402. This court must be mindful of its neutral role, and it must avoid lawyering for a party. *See Sneed*, 301 S.W.3d at 615; *Hessmer*, 138 S.W.3d at 903. Reaching the issue in the present case would require this court to abandon its role of impartial reviewer and become instead an advocate for one of the parties, which is something this court cannot do. *Hamadani v. Meshreky*, No. M2023-01161-COA-R3-CV, 2024 WL 3466977, at *3 (Tenn. Ct. App. July 19, 2024) ("To consider this appeal on the merits would necessitate shifting this court's role on appeal from neutral reviewer to advocate for the appellant."), *perm. app. denied* (Tenn. Nov. 14, 2024); *see Turley v. Mendez*, No. W2024-00894-COA-R3-CV, 2025 WL 1937206, at *4 (Tenn. Ct. App. July 15, 2025) (dismissing a pro se litigant's appeal and reasoning that "[i]n the absence of any cogent argument, this Court is placed in the position of having to make [the litigant's] arguments for him . . . ."). In this case, the party appealing has not challenged the basis of the circuit court decision to dismiss the case; therefore, we must dismiss the appeal.

We note that Mr. Ford asks us to consider numerous issues related to the conditions of the apartment, the past-due rent, and the proceedings in circuit court and general sessions court. He notes that Gulch missed the deadline to file its proposed order. He also asserts that Gulch failed to repair a gas leak in his stove, that his air conditioner malfunctioned for a period of six weeks during the height of summer, and that Gulch failed to repair a sink that had collapsed, damaging his personal property. He avers that he left the property not due to nonpayment of rent but due to the gas leak. He argues that a dispute regarding unpaid balances to Gulch was resolved in his favor. He also contends that the circuit court judge disregarded evidence of the gas leak and erred in denying a continuance. He asserts the circuit court improperly mocked him, excluded evidence, and credited Gulch's claims. He asks for the removal of allegations that he is aggressive, although these allegations do not appear in the appellate record, and it is not clear how he wants this objective to be achieved. Mr. Ford also asserts generally that the trial court erred in its factual findings. However, despite their number, none of these issues is properly before us, and they cannot bring Mr. Ford relief. The circuit court's dismissal was based on the determination it had no jurisdiction over the case based on the untimeliness of the appeal of a final order from general sessions. Any error in the issues propounded by Mr. Ford would not affect the circuit court's determination that the appeal from general sessions court to circuit court was not timely, and Mr. Ford did not challenge the timeliness determination.

Mr. Ford also requests help with his current living situation, which he states is unacceptable due to pest issues, lack of heating, issues with the water, and hostile neighbors. This court cannot offer him any aid because this court cannot consider new proof or act as the trier-of-fact; instead, its jurisdiction is appellate only, and it functions to review the decisions of the lower courts. *See Peck v. Tanner*, 181 S.W.3d 262, 265 (Tenn. 2005). Furthermore, this court cannot afford relief on these issues because Mr. Ford's new landlord is not a party to this action. *See Larry E. Parrish, P.C. v. Dodson*, No. M2011-

- 5 -

00349-COA-R3-CV, 2011 WL 4529607, at *10 (Tenn. Ct. App. Sept. 29, 2011) ("There are numerous cases in which this court and others have held that a trial court has no jurisdiction and, thus, no authority to issue orders against persons who are not parties to the action.").

We also note that Gulch asserts that Mr. Ford missed the window to appeal a final judgment from general sessions court but contradictorily also avers that the case remains open and that it can continue to seek further damages in this case at any time. This position runs contrary to Gulch's stance before the circuit court, where Gulch "stated back rent was satisfied by the Metro A[ction] Commission. Thus, [Gulch] argued that even if the General Sessions appeal moved forward, there is nothing left to be decided by the Court." We note that on appeal Gulch disclaimed any knowledge of payment by Metro Action Commission on behalf of Mr. Ford, but the trial court's statement of the evidence explicitly states Gulch acknowledged such a payment before the circuit court in seeking dismissal. Furthermore, while Gulch on appeal expressed no knowledge of evidence of a ledger showing Mr. Ford owed Gulch nothing, Mr. Ford attached to a filing before the circuit court a ledger purporting to show that as of April 2024, Mr. Ford's balance at the apartment complex was zero. This ledger is included in technical record on appeal, reflecting Mr. Ford having a zero balance with the apartment complex.

Like Mr. Ford, Gulch did not actually challenge the circuit court's determination that a final judgment was issued by the general sessions court. Furthermore, Gulch affirmatively moved for dismissal of the case in circuit court, asserting that it had received damages and that there was "nothing left to be decided" by the court. Gulch has waived any further claims for damages from Mr. Ford in this case.

Because we conclude that Mr. Ford has not actually challenged the basis of the trial court's ruling that the appeal from general sessions court to circuit court was untimely, it is unnecessary to address Gulch's contention that various Rule 27 deficiencies in Mr. Ford's brief preclude appellate review.

III.

This appeal is dismissed. Costs of the appeal are taxed to the Appellant, Thomas Alexander Ford, for which execution may issue if necessary.


 s/ Jeffrey Usman
JEFFREY USMAN, JUDGE